HENRY BERRER, PLAINTIFF IN ERROR, V. PHILIP C. MOORHEAD, SHERIFF OF NUCKOLLS COUNTY, NEBRASKA, SPRINGER GALLEY, THOMAS FICKES, ED. KENNEDY, AND W. B. CRAWFORD, SURETIES OF SAID PHILIP MOORHEAD, DEFENDANTS IN ERROR.

1. **Unlawful Imprisonment:** ACTION AGAINST SHERIFF: PLEADING. In an action against a sheriff for damages for unlawful imprisonment, under indictment for a misdemeanor, when the petition alleges that a recognizance with ample surety was tendered to the sheriff and a discharge of plaintiff demanded thereunder, but such discharge was refused, but it was shown by the petition that no affidavit of qualification of the sureties was attached to or accompanied the undertaking, the petition would not for that reason alone be demurrable.

2.  **Pleadings:** AMENDMENT. Under the law of amendments contained in the civil code, where a petition is held defective and a demurrer thereto sustained, if it appears that the petition is susceptible of amendment, the district court should permit such an amendment to be made, upon such terms as to costs as would be just.

3.  ————: ————. The law of amendments should be liberally construed in order to prevent a failure of justice.

ERROR to the district court for Nuckolls county. Tried below before MORRIS, J.

*H. W. Short,* for plaintiff in error.

*W. A. Bergstresser,* for defendant in error.

REESE, J.

This action was commenced in the district court of Nuckolls county, against the sheriff of said county, for the recovery of damages alleged to have been sustained by plaintiff by reason of the wrongful imprisonment of himself by defendant. A general demurrer was filed to the petition, which was sustained, the application of plaintiff for permission to amend his petition denied, and the cause dismissed. Plaintiff alleges error in this court.

We here quote the petition in full:

"Henry Berrer, plaintiff in the above entitled cause, deposes and says: 1st. That on the 29th day of April, 1885, he was arrested under a state warrant issued out of the district court of Nuckolls county, Nebraska, upon an indictment found by the grand jury in said Nuckolls county, Nebraska, at the April term, 1885, against this plaintiff for a misdemeanor, to-wit, resisting an officer, to-wit, the sheriff of said Nuckolls county, Nebraska, and his deputies on the 25th day of March, A.D. 1885, in performing their duties. That the said Philip C. Moorhead, as sheriff aforesaid, on the 29th day of April, 1885, took this plaint-

iff, and lodged him in the common jail of said county. That the offense for which this plaintiff was arrested and imprisoned was and is bailable under the statute and the law of the state. And immediately thereafter the said district court adjourned, having fixed the amount of bail at the sum of three hundred dollars. That afterwards, to-wit, May first, A.D. 1885, at three o'clock P.M., this plaintiff, by his attorney, H. W. Short, procured and delivered to said Philip C. Moorhead a good and sufficient bond for the appearance of this plaintiff on the 5th day of October, A.D. 1885, at ten o'clock A.M., that being the first day of the next regular term of said court, as fixed by Hon. W. H. Morris, judge, on the 1st day of January, A.D. 1885, and as will appear from the journal entry of said district court, and to do and to receive what shall be adjudged by said court upon him, and shall not depart the said court without leave, which said bond was signed by Henry W. Short, James M. Hall, S. A. Lopp, and J. Ritterbosh, residents and freeholders of the county of Nuckolls and state of Nebraska, whose aggregate wealth is at least thirty thousand dollars over and above all debts and liabilities. That said sheriff of Nuckolls county, Nebraska, Philip C. Moorhead, at the time of the delivery of said bond and upon demand for the release from confinement of the said Henry Berrer, now in jail, so made by his attorney, H. W. Short, then and there refused to release said prisoner from said jail of Nuckolls county, Nebraska, and still continued and refused to release said plaintiff for the space of ...... days. That said Philip C. Moorhead, as sheriff, made and executed and delivered to Nuckolls county, Nebraska, his bond of office, a copy is hereunto attached, marked exhibit ' A,' and made a part of this petition. That said sheriff is guilty of oppression in the discharge of his duty as sheriff, in this, that he has refused to accept of the appearance bond tendered by plaintiff for his appearance at the next term of court. That the plaintiff has [been] detained from his

44

home and family and his labors, and has been held a prisoner in the common jail of said Nuckolls Co., Nebraska, by said sheriff, contrary to law, to his damage $1,000; a copy of the bond tendered and delivered to said sheriff for the appearance of said plaintiff is hereto attached, marked ' B,' and made a part of this petition. The plaintiff therefore prays judgment against said Philip C. Moorhead, sheriff, and against his bondsmen, Springer Galley, Thomas Fickes, Ed. Kennedy, and W. B. Crawford, sureties on said bond, for the sum of one thousand dollars so as aforesaid sustained, and for costs of suit."

The errors assigned in this court are as follows:

" 1st. The court erred in sustaining the demurrer of defendant to the petition of the plaintiff.

" 2d. The court erred in refusing the plaintiff permission to amend his petition before the judgment of dismissal.

"3d. The court erred in rendering judgment of dismissal against the plaintiff.

"4th. The court erred in refusing the plaintiff's motion to set aside the judgment of dismissal, and refusing to allow plaintiff to file an amended petition or to be further heard."

By the record of the district court before us the following appears: "Now on this 5th day of October, 1885, it being the first day of said term, this case came on to be heard on the demurrer of defendants to the petition of the plaintiff, and the demurrer is sustained, to which ruling of the court plaintiff excepts. The plaintiff asks leave to amend, but leave is denied by the court, to which ruling of the court the plaintiff excepts. It is therefore considered, ordered, and adjudged by the court that said case be dismissed. Plaintiff files a motion to set aside the judgment, to reinstate the cause, and permission to file amended petition. Motion denied by the court, to which ruling of the court plaintiff excepts."

The first question requiring our attention is, does the

petition state a cause of action? The one contention on the part of defendant in error upon this question is, that it is fatally defective because it failed to show the affidavit of the sureties offering such bond setting forth their qualification. To sustain this contention, section 897 of the civil code is cited. In our opinion this section can have no application to the case at bar. It only alludes to the duties of ministerial officers when taking security on an undertaking provided for by that code, and has no reference to the duties of a sheriff in the case of taking and approving recognizances, during vacation, of persons who have been indicted during the session of the court. For the duties of sheriffs in cases of this kind, we must refer to section 428 of the criminal code, which is as follows: "When any sheriff or other officer shall be charged with the execution of a warrant issued on any indictment for a misdemeanor, he shall, during the vacation of the court from which the writ issued, have authority to take the recognizance of the person so indicted, together with sufficient sureties, resident and freeholders in the county from which such writ issued, in a sum of not less than $50 nor more than $500, conditioned for the appearance of such person on the first day of the next term of such court."

It appears by the petition that the offense for the commission of which plaintiff had been indicted was a misdemeanor and bailable under the section above quoted. It was the duty of the sheriff, therefore, to accept a proper recognizance and discharge plaintiff. If in his opinion the sureties offered were insufficient, he had a perfect right to require additional security, or perhaps, if unacquainted with those offered, to require them to justify or make an affidavit of qualification. But it would clearly be his duty, in case he found the sureties offered insufficient, or in case their qualifications were unknown to him, to make known to the person offering the bail the reason why he rejected

it, in order that the defect, if any, might be cured. The mere fact, then, that the undertaking did not contain the affidavit of the sureties offered on the bond, setting forth their qualifications as such, would not necessarily deprive the plaintiff of his right to prosecute his action.

If the demurrer was sustained upon this ground alone, the decision of the district court was erroneous; if for any other reason the petition was defective, which defect might have been cured by an amendment, it was the duty of the district court to permit such amendment to be made. For this reason the judgment of the district court is reversed and the case remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.