FIRST NATIONAL BANK OF WYMORE, APPELLANT, V. JAMES D. MYERS ET AL., APPELLEES.

FILED NOVEMBER 8, 1893. NO. 5250.

Fraudulent Conveyances: CONSIDERATION. In a creditor's bill to subject certain real estate of a debtor conveyed to third parties to the payment of a judgment upon the ground that there was no consideration, *held*, that a sufficient consideration was proved, and the deed would be sustained.

APPEAL from the district court of Gage county. Heard below before BROADY, J.

*A. D. McCandless* and *Samuel J. Tuttle*, for appellant.

*Griggs, Rinaker & Bibb* and *R. W. Sabin*, contra.

MAXWELL, C. J.

This is an action in the nature of a creditor's bill, to set aside certain deeds made by Myers and wife to Charles B. Holt. The allegations of the petition as ground for relief are as follows:

"That on the 17th day of April, A. D. 1890, and before the levy of the attachment and the rendition of a judgment in this case, the said James D. Myers and —— Myers, his wife, defendants, conveyed the following of the said above described property to one Charles B. Holt, to-wit : lot 9, in block 7, in the town of Odell; lot 7, in block 10, in first addition to the town of Odell ; lot 7, in block 11, in first addition to the town of Odell ; lots 5 and 6, in block 5, in second addition to the town of Odell; lots 4, 5, 6, and 7, in block 6, in the second addition to the town of Odell ; and the west one-half of the northwest quarter and the northeast quarter of the northwest quarter of section 19, in town 1, range 6, except one acre in the southeast corner of the forty acres described above, sold to Frank J. Truxaw; that on the 27th day of November, 1889, and before the levy of the attachment and the rendition of the judgment in this case, said James D. Myers, and —— Myers, his wife, defendants, conveyed lot 4, in block 2, in the town of Odell, to August Hein without consideration; that on the 21st day of April, 1890, and before the levy of the attachment, and the rendition of the judgment in this case, said James D. Myers, and —— Myers, his wife, defendants, conveyed lot 8, in block 10, of the first addition to the town of Odell to the defendant John E. Armstrong without consideration." And the following is the prayer : "The plaintiff therefore prays that said conveyances from James D. Myers and wife to Charles B. Holt, and from James D. Myers and wife to John E. Armstrong, and James D. Myers and wife to Mrs. Anna Synovic, and from James D. Myers and wife to August Hein may be canceled, set aside, and held for naught, and said property, free from said incumbrances, be declared to be the property of the defendant James D. Myers ; and the sheriff of said county may sell the same under said order of sale as upon execution, and apply the proceeds thereof in satisfaction of plaintiff's said judgment, interest,

and costs; that the priority of liens of this plaintiff and the defendants McKinney, Hundley & Walker and Sprague, Warner & Co. may be determined, and the plaintiff asks for such other and further relief as justice may require."

It is unnecessary to set forth the answers.

On the trial of the cause the court found the issues in favor of the defendants and dismissed the action, from which the plaintiff appeals.

The testimony tends to show that Myers and Holt had been quite intimately acquainted for fifty years or more, and seem to have been friends. Holt resides in Tioga county, New York, and Myers at Odell, in this state. In the year 1886, Holt sent to Myers the sum of $4,600 to invest for him, at eight per cent. A part of this money was loaned out in various sums, and a part seems to have been used by Myers himself. This seems to have been known to Holt, and was perfectly satisfactory to him. He seems to have had the utmost confidence in Myers, and there is nothing in this record tending to show that this confidence was misplaced. A son of Myers was a member of a mercantile firm, and the defendant guarantied certain debts of his son, and the attachments in this case were issued on such guarantied debts. Under the issues made by the pleadings the only question presented is, was there a consideration for the deeds in question? Upon this ground there is practically no dispute. The deeds were made in good faith to secure *bona fide* debts of Myers, and will be sustained. The case is argued in the appellant's brief upon points not involved in the issues, and they will not be considered. The judgment is right and it is

AFFIRMED.