OMAHA & REPUBLICAN VALLEY RAILROAD COMPANY v. CHARLES MOSCHEL.

FILED NOVEMBER 8, 1893.    No. 4645.

1. **Amendments to Pleadings**: DISCRETION OF TRIAL COURT. The permitting or refusing amendments to pleadings is a matter within the sound judicial discretion of the trial court; and unless it is made to clearly appear that he has abused this discretion, and a party has thereby been deprived of the opportunity to make his case or defense, the supreme court will not interfere.

2. ———. It is not necessarily a fatal objection to a proposed amendment that it is in fact an additional defense or an additional cause of action.

3. **Railroad Companies**: DAMAGES TO REAL ESTATE BY CONSTRUCTION OF ROAD: LIMITATION OF ACTIONS. An action against a railroad company for damages to plaintiff's real estate, caused by the railroad company's building its tracks and operating its road across the street and on a lot lying next to plaintiff's property, must be brought within four years of the date of the construction of such railroad.

4. ———: NUISANCE: DAMAGES: LIMITATION OF ACTIONS. Where a railroad company, in 1880, built its railroad track and side tracks across a street and on a lot (owned by it) lying next to plaintiff's property, and more than four years thereafter plaintiff brought suit against the railroad company for the depreciation in value of his lot caused by the building of such railroad, and its subsequent operation, and for subsequently building and operating additional tracks across said street and lot, *held*, (1) that plaintiff in no event could recover for any depreciation in the value of his property by reason of any acts of the railroad

company, either in matters of construction or operation, the habitual doing, or the commencement of the doing, of which acts was at a date more than four years prior to the date of suit brought; (2) that the plaintiff could, and if he did or did not, within four years after the date of building of said original railroad on said lot and across said street adjacent to his property, bring suit for damages for the depreciation in value of his premises, caused by such railroad construction and operation, then every element of damages, past and future, that was or would have been properly admissible in that suit, either in matters of construction or operation, must be excluded from the consideration in this case.

ERROR from the district court of Gage county.  Tried below before APPELGET, J

J. M. Thurston, W. R. Kelly, and E. P. Smith, for plaintiff in error.

Rickards & Prout, contra.

RAGAN, C.

On the 5th day of December, 1889, Charles Moschel sued the Omaha & Republican Valley Railroad Company (hereinafter designated as the "railroad company") in the district court of Gage county, alleging his ownership of lot 6, in the city of Beatrice; that said lot had a frontage of fifty feet on Court street, the principal street of said city; that about January 7, 1880, the railroad company constructed, and had since maintained, its line of road upon lot 5, adjacent to said lot 6, and had extended its road and side tracks upon and across said Court street, making a double track upon said lot 5, and said street in front of Moschel's building, situate on said lot.6 (lot 5 is immediately west of lot 6, and both front south on Court street, and the railroads mentioned extend north and south across Court street and upon lot 5); that ever since the building of said railroad, the railroad company had occupied the street in front of said place of business of Moschel and

said lot 5 with its tracks and side tracks, made up its trains thereon, and interfered with the travel on said street; "and that particularly within the four years last past, and immediately preceding the commencement of this action, said railroad company had wilfully, maliciously, and wantonly, with the intent to injure plaintiff in his business and property, caused its engines and cars to be left alongside of said property of Moschel, without reason or necessity therefor, and for the purpose of injuring plaintiff in the full, free, and complete use and enjoyment of his property; that said property of Moschel had been greatly damaged, and the free use and occupation of said property interfered with, and Moschel had been compelled to abandon the doing of business on said lot 6, and at a great expense to purchase other property on which to conduct his business; that said lot 6, by reason of the premises, had been greatly injured and depreciated in value for any purpose whatsoever, and Moschel prayed judgment for damages."

The answer of the railroad company admitted the construction, maintenance, and operation of its double track railway across Court street and upon lot 5 since 1880, and alleged that it had, for due compensation paid, procured the right of way over said lot 5 before occupying it, and specifically denied all other allegations of Moschel's petition.

After the evidence was all in, the railroad company requested permission to file an amendment to its answer, setting up the statute of limitations, which the court granted; and thereupon the railroad company filed the following "amendment," in fact, an additional defense: "The defendant, in further answer to the petition of the plaintiff, * * * alleges that the cause of action stated in the petition did not accrue within four years next before the commencement of this action."

Thereupon Moschel, by leave of the court, amended his

petition by filing what his counsel called an "addenda" thereto, in words and figures as follows: "Comes now the plaintiff, for their 'addenda' to the   *   *   *   petition herein filed,   *   *   *   and   *   *   *   says that on or about the 1st day of October, 1886, the defendant constructed a second or new main line over and across the said lot 5, and only a few feet distant from the line constructed by the defendant in the early part of 1880, so that said new main line, and the operation thereof, extended along the east side and in close proximity to plaintiff's said premises, and over and across Court street, and that by reason of which said new main line of the defendant, the said Court street in front of plaintiff's premises was still blockaded, the full use thereof destroyed, the travel thereon impeded, whereby the value of said plaintiff's premises was still further reduced, so that the same was not worth within $1,200 of what they were immediately preceding the construction and operation of said new main line as herein described."

The railroad company excepted to the ruling of the court allowing this amendment. Moschel had a verdict and judgment, and the railroad company brings the case here.

The first error alleged is the ruling of the court in permitting Moschel to amend his petition by filing the so-called "addenda."

Moschel's petition contained two causes of action, though not separately stated, and numbered:

1. The depreciation in the value of lot 6 by the construction, in 1880, by the railroad company, and its operation and maintenance since, on lot 5, and across Court street, of its railroad and side tracks.

2. That within the four years immediately preceding the bringing of this action the railroad company had willfully, maliciously, and wantonly, with the intent to injure Moschel in his business and property, caused its engines and cars to be left alongside of said property, without reason or necessity therefor, by reason whereof said property

had been greatly damaged, and the plaintiff deprived of his free use and occupation of said property.

The facts stated in the "addenda" are that in October, 1886, the railroad company " constructed a second or new main line over and across said lot 5  *  *  *  and Court street,  *  *  *  whereby the value of Moschel's premises was reduced  *  *  *  $1,200."

The facts stated in this " addenda" then were not amendatory of either of Moschel's causes of action, but of themselves stated a separate and independent cause of action.

The entire subject of permitting or refusing amendments to be made to pleadings is, by law, left to the sound legal discretion of the trial judge; and unless it is made to clearly appear that the court has abused its discretion, or that by his ruling a party has been deprived of the opportunity to make his case or defense, the supreme court will not interfere with the action of the trial judge.  It is not necessarily a fatal objection to a proposed amendment that it is in fact an additional defense, or an additional cause of action.  If the trial court in the case before us had refused to permit the railroad company to file its additional defense of the statute of limitations, or had refused to permit Moschel to file his additional cause of action, we could not say that the court had abused its discretion; and we cannot say that the court erred in permitting either of the amendments to be filed.

In all such cases, if a party claims himself prejudiced by the refusal of a trial court to permit an amendment, such prejudice must appear from the record; and if amendments are permitted by the trial judge during the progress of a trial before verdict or decision, and a party is prejudiced by such amendment in the making of his case or defense, he should make such prejudice appear by affidavit or otherwise to the trial judge, and then it would be his duty, on such terms as were reasonable, to either set aside the trial proceedings already had, and continue the case to a

future time, or suspend the trial until such time as the party claiming to be prejudiced might, by the exercise of reasonable diligence, be prepared to make his defense or case.

The next error assigned by the railroad company is the refusal of the trial court to give to the jury this instruction: "The court instructs the jury that if any damages are to be assessed in this case, no damages can be allowed for the depreciation of the value of the property in question, except such depreciation, if any, as is shown by the evidence to have resulted within and during the four years immediately prior to the commencement of this action on the 5th day of December, 1889; but for any depreciation or damage prior to said four years you can make no allowance." The refusal to give this instruction was error for the reasons : (1) The first cause of action in Moschel's petition was the alleged depreciation in the value of his lot 6, by reason of the railroad company having, in 1880, constructed and since operated its railroad on lot 5, adjacent to Moschel's lot. The undisputed evidence in the case is that the railroad company had, prior to building its tracks on lot 5 in 1880, purchased said lot. The railroad company then was in the same situation, so far as concerns the question of damages to Moschel's property, as it would have been had it acquired the right to use and occupy lot 5 by condemnation proceedings; that is to say, the railroad company had not wrongfully occupied and used lot 5. It was not a trespasser; and all the damages done to Moschel's property by the location and proper, usual, ordinary, and necessary operation by the railroad company of its railroad on the lot 5, and across Court street, accrued at the date of the building of the railroad in 1880, and hence were barred by the statute of limitations, and could not be recovered in this action. (Mills, Eminent Domain, sec. 216; *Chicago & E. I. R. Co. v. Loeb*, 118 Ill., 203.) (2) A very large part of Moschel's evidence was directed to the depreciation in the value of his lot, caused by the building of the railroad on

lot 5, and across Court street, in 1880, and its maintenance and operation thereof since. (3) The court, at the request of Moschel, had already instructed the jury as follows: "You are instructed that if you find from the evidence in this case that the defendant constructed and operated the line of road across the lot adjoining that of plaintiff, now in question, and if you further find from such evidence that by said construction and operation of said road the lot of plaintiff was injured and decreased in value, then you should find the damages to the lot to be the amount which you may find that the evidence shows that said lot was decreased in value by reason of such construction and operation." This last instruction left the jury at liberty, if it did not direct them, to take into consideration, in estimating Moschel's damages, the depreciation in value of his lot by the building of the railroad in 1880. The language of this instruction should at least have been limited by such an instruction as the one asked by the railroad company and refused. (4) There was no evidence before the jury that would justify their finding, as Moschel alleged in one of his causes of action that the railroad company had at any time "willfully, maliciously, and wantonly, with the intent of injuring plaintiff in his business and property, * * * caused its engines and cars to be left alongside the property of the plaintiff, without reason or necessity therefor, and for the purpose of injuring plaintiff in the full, free, and complete use and enjoyment of his property."

It is strenuously insisted here by counsel for the railroad company that this case is to be viewed as if Moschel had, within four years after the building of the tracks across Court street and lot 5, in 1880, sued the railroad company for damages for depreciation of his property caused by such building; and that the judgment in such a case, had it been brought, would be a bar to this action, and therefore this suit cannot be maintained.

It is doubtless true, (1) that in this case Moschel cannot

recover for any depreciation in the value of his property by reason of any acts of the railroad company, either in matters of construction or operation, the doing, or commencement of the doing of which acts was at a date more than four years prior to the date of the suit brought; (2) that the owner of said lot 6 could, and if he did or did not, within four years after the date of the building of said railroad on said lot 5, and across said Court street, bring suit for damages for the depreciation in the value of his property, caused by such construction and operation of said railroad, then every element of damages, past and future, that was or would have been properly admissible in such suit, either in matters of construction or operation, must be excluded from consideration in this case.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.