FIRST NATIONAL BANK OF WYMORE, APPELLANT, V.
JAMES D. MYERS ET AL., APPELLEES.

FILED MARCH 5, 1895.     No. 5250.

1. **Fraudulent Conveyances:** EVIDENCE. In an action by an
attaching creditor of a mortgagor to vacate the mortgage for
fraud plaintiff pleaded that "on the 17th day of April, 1890, and

before the levy of the attachment   *       *   A and B conveyed"
the land to the mortgagee.  This the answer admitted.  *Held,*
That evidence that the mortgage was not delivered until after
the levy of the attachment was irrelevant and foreign to the is-
sues.

2. ———: PLEADING.  In such case a general averment in the
answer denied in the reply that the mortgage was prior to all
other liens, does not prevail against the specific pleading of fact,
and does not put the date of delivery of the mortgage in issue.

3. **Amendments** will not be allowed after judgment where their
effect would be to substantially change the cause of action or
defense.

4. **Amendments** will not be allowed where to do so would preju-
dice the rights of the adverse party.

5. **Stare Decisis.**  *First Nat. Bank of Wymore v. Myers,* 38 Neb.,
152, reaffirmed.

REHEARING of case reported in 38 Neb., 152.

*A. D. McCandless* and *S. J. Tuttle,* for appellant, cited,
on the question of amendment: *Humphrey v. Spafford,* 14
·Neb., 488; *Homan v. Steele,* 18 Neb., 652; *Pomeroy v.
White Lake Lumber Co.,* 33 Neb., 240; *Anglo-American
Land, Mortgage & Agency Co. v. Brohman,* 33 Neb., 409.

*Griggs, Rinaker & Bibb* and *R. W. Sabin, contra.*

IRVINE, C.

An opinion was written in this case affirming the judg-
ment of the district court and filed November 8, 1893. (*First
Nat. Bank v. Myers,* 38 Neb., 152.)  The nature of the
case is there briefly stated.  The inquiry was then directed
solely to whether a sufficient consideration had been shown
for the conveyances to Holt.  On a motion for a rehearing
it was urged that the proof disclosed that while the con-
veyances to Holt were dated and filed for record before the
levy of plaintiff's attachment, still the conveyances had
been made without the knowledge of the grantee, had been

filed for record by the grantor, and were not delivered to
the grantee until after the levy of the attachment, the
grantee not till then knowing of their existence or their
delivery.   It was argued that under this state of the evi-
dence the lien of the attachment was superior to that of the
mortgages.   It seeming that this phase of the case had
probably not received proper attention, a rehearing was al-
lowed.   The case has been reargued, and having considered
all the questions presented, we see no reason for reaching a
conclusion different from that reached on the former hear-
ing.   It is true that there is in the record evidence tending
to show a state of facts in regard to the delivery of the
mortgages in accordance with the argument of the appel-
lant.   All material portions of this evidence were admitted
over the objections of the appellees on the ground that the
testimony was irrelevant under the pleadings.   The petition,
after alleging the levy of the plaintiff's attachment on May
10, 1890, and the subsequent entry of judgment in the at-
tachment case, avers "that on the 17th day of April, A. D.
1890, and before the levy of the attachment and the ren-
dition of a judgment in this case, the said James D. Myers
and —— Myers, his wife, defendants, conveyed the follow-
ing of the said above described property to one Charles B.
Holt," etc.   Similar allegations are then made in regard
to the other conveyances.   The gist of the action lay in the
subsequent averment that these conveyances were made
without consideration and for the purpose of hindering and
defrauding the plaintiff and other creditors of James D.
Myers.

The answer of Myers admitted the making of the con-
veyance in the words of the petition as above quoted, and
the answer of Holt contained a similar admission.   Both
answers joined issue in regard to the consideration and
purpose of the conveyance.   So far as we have quoted the
pleadings, then, it stood admitted of record that the land
had been conveyed prior to the levy of the attachment.

The date of the delivery of the conveyance was, therefore, not put in issue and the testimony on that point was for that purpose irrelevant. Counsel now contend that certain averments in the answer and reply formed an issue on this subject. The answer of Holt, after admitting the conveyance on the 17th of April and denying that it was made without consideration or for the purpose of defrauding creditors, avers affirmatively the nature of the consideration and the purpose of the conveyance, and then proceeds, "this defendant has a first and valid lien upon said premises so conveyed to him as aforesaid by the defendants James D. Myers and Elizabeth A. Myers, his wife, which said lien is prior and superior to any lien or interest which the plaintiff or any of this defendant's co-defendants have in, to, or upon said premises or any part thereof." The substantive part of the reply is that the plaintiff "denies each and every allegation of new matter" in the answer contained. The contention is that the allegation in the answer that Holt's mortgage was superior to any lien of the plaintiff, together with the denial of that allegation in the reply, made an issue to which all facts affecting the priority of the mortgage became relevant; but we cannot attach to this general allegation any such force. It pleads merely a conclusion of law, and the pleading of a conclusion of law in such a general form cannot be allowed to prevail as against the distinct pleading of specific facts.

The appellant asks that in case the court should reach the conclusion above stated it be permitted to now amend its petition in such manner as to present an issue upon the date of the delivery of the conveyance in question. It has been quite recently held (*Scott v. Spencer*, 44 Neb., 93) that an amendment after judgment will not be permitted where its effect is to make a substantial change in the cause of action or defense presented by the pleadings upon the trial. The plaintiff's petition was in the nature of a creditor's bill attacking the validity of the

Holt mortgage on the ground that it was without consid-
eration and made to defraud creditors. If we should per-
mit it now to amend as desired it would state a cause of
action not only to vacate the mortgage on the ground of
fraud, but also to marshal liens upon averments to the ef-
fect that the real priorities were other than would appear
from an inspection of the public records. This would be to
permit a substantially different cause of action to be stated
by amendment after judgment. The Code permits amend-
ments in furtherance of justice. In construing this provis-
ion the rights of the party seeking to amend are not alone
to be considered. The court in permitting amendments
must be careful not to sacrifice the rights of the other
party. To do so would not be in furtherance of justice.
Mr. Holt resided, at the time of the trial, in Tioga county,
New York. He was seventy-five years of age. His tes-
timony was taken by deposition. The defendants examined
him solely in regard to the issues made by the pleadings.
It is true he was briefly cross-examined in regard to the
delivery of the mortgage, but the defendants did not re-
examine on this point, nor were they called upon to do so
in view of the issues as then framed. To permit the
amendment now sought might deprive the defendants of
the opportunity of presenting evidence upon the issue so
interpolated.

One more point, perhaps, ought to be mentioned. The
former opinion was addressed solely to the existence of a
consideration. It was also claimed that the evidence
showed that an actual intent to defraud existed in making
the conveyances. We have examined the evidence on this
point and think it amply sustains the finding of the trial
court that the mortgage was made in good faith.

JUDGMENT AFFIRMED.