Louis Hoffman Co., a corporation, appellee, v. Western Smelting & Refining Co., a corporation, APPELLANT.
34 N. W. 2d 889

Filed December 10, 1948. No. 32445.

*Jack W. Marer,* for appellant.

*Swarr, May, Royce, Smith & Story* and *Robert Saxton,* for appellee.

Heard before PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

On December 31, 1946, plaintiff, a corporation with its principal place of business in Milwaukee, Wisconsin, brought this action in the district court for Douglas County, Nebraska, against defendant, a corporation with its principal place of business in Omaha, to recover $1,923.97, representing an alleged net weight shortage in a carload shipment of aluminum purchased from defendant, and an alleged overcharge of freight thereon, both of which items had been paid by plaintiff.

On February 21, 1947, defendant filed its answer in the nature of a general denial. The case was set for trial on December 15, 1947. On December 11, 1947, defendant lodged with the clerk, for requested filing, an amended answer and counterclaim, denying generally, but admitting that plaintiff purchased from it a carload of aluminum, and for its counterclaim alleged that at the same time and as a part of the same agreement, plaintiff agreed to purchase and defendant agreed to sell plaintiff two additional cars at the same price, upon the same terms set forth at length therein. It alleged that defendant performed, relying thereon, but that plaintiff wholly refused and neglected to purchase the two additional cars, and, in violation of the agreement, purchased in excess thereof from other sources, whereby defendant was damaged in the sum of $15,000, for which amount and costs it prayed judgment.

A copy of defendant's proposed amended answer and

counterclaim was delivered to plaintiff's attorney on December 11, 1947, at about 4 p. m. The record discloses that on December 15, 1947, just prior to trial, defendant's attorney, orally in open court, asked leave to file the same, and plaintiff filed a written motion to deny defendant leave to file the amended answer and counterclaim and to strike same from the files. Thereupon, the trial court denied defendant's request and sustained plaintiff's motion; and, as required, the case proceeded to trial upon plaintiff's petition and defendant's original answer, with an amendment thereto not important here.

The jury returned a verdict for plaintiff, upon which judgment was entered, and defendant's motion for new trial, appropriately raising the question now before us, was overruled. Defendant appealed to this court, assigning substantially that the trial court erred in refusing to permit the filing of defendant's amended answer and counterclaim, and in sustaining plaintiff's motion. We sustain the assignment.

Plaintiff's motion, designated as "Objection to Filing Amended Answer and Counterclaim and Motion to Strike Same From Files" substantially recited the history of the litigation, and its stipulation for trial; that no counterclaim had been previously filed; that no leave of court had been theretofore obtained for its filing; that it was untimely offered and filed; and that the vice president of plaintiff corporation, a witness in the case, had come from Milwaukee, and was then present for the trial. At this point, it should be said the record discloses that he was general manager of plaintiff corporation, the only person with whom defendant dealt, and the very person who entered into the alleged contract out of which defendant's counterclaim arose.

It will be noted that plaintiff's motion made no attack upon the sufficiency of the answer and counterclaim. It contained no allegation of surprise, doubtless because its counsel had already been served with a copy of the proposed amended answer and counterclaim at least four

days before the trial. There was no allegation that the plaintiff was unprepared to meet the counterclaim. The record discloses the contrary. There was no allegation that plaintiff needed additional time to prepare a defense thereto, or would be prejudiced by the filing thereof. The record discloses that it would not have been. Plaintiff made no request for continuance, nor that the court should impose any proper terms or conditions upon defendant, should the filing be permitted.

Section 25-812, R. S. 1943, provides: "The defendant may set forth in his answer as many grounds of defense, counterclaim, and set-off as he may have." Section 25-813, R. S. 1943, provides: "The counterclaim mentioned in section 25-812 must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

The first section above quoted gave defendant the right to make the counterclaim a part of its answer, and defendant's amended answer and counterclaim, presented to the court for filing and appearing in the record, met all the requirements of the last-quoted section.

In Indiana Harbor Belt R. R. Co. v. Alpirn, 139 Neb. 14, 296 N. W. 158, this court said: "The adjustment of defendant's demand by cross-claim in plaintiff's action, rather than by independent suit, is favored and encouraged by law. Such practice serves to avoid circuity of action, multiplicity of suits, inconvenience, expense, unwarranted consumption of the court's time, and injustice."

Section 25-852, R. S. 1943, provides: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect, or by in-

serting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

With reference thereto, this court said in Curren v. Certain Parcel of Land, 149 Neb. 477, 31 N. W. 2d 405: "The plaintiff urges that the plain intent of this statute is to determine in one action all conflicting claims of the parties, citing Hanson v. Hanson, 78 Neb. 584, 111 N. W. 368; Draper v. Taylor, 58 Neb. 787, 79 N. W. 709; that in all cases an amendment should be allowed if it is in furtherance of justice (Zancanella v. Omaha & C. B. Street Ry. Co., 96 Neb. 596, 148 N. W. 158); and should be allowed even after the close of the evidence if the adverse party is not prejudiced (Blondel v. Bolander, 80 Neb. 531, 114 N. W. 574). With this contention we are in accord, * * *."

As early as Berrer v. Moorhead, 22 Neb. 687, 36 N. W. 118, this court held: "The law of amendments should be liberally construed in order to prevent a failure of justice." The progressive evolution of procedure in our courts has not changed that rule, but has demonstrated the necessity of its continuing judicial application.

In Dunn v. Bozarth, 59 Neb. 244, 80 N. W. 811, it was held: "It is within the discretion of the court to permit a defendant, during the course of the trial, to amend his answer so as to present a new defense.

"In such case, the plaintiff, if not prepared to meet the new issue, may have a continuance of the cause, upon such terms as the court may deem just."

In Zancanella v. Omaha & C. B. St. Ry. Co., 96 Neb. 596, 148 N. W. 158, it was held: "Amendment of a pleading should be allowed when it is in 'furtherance of justice.' Such terms should be imposed as are reasonable and just."

Likewise, it was held in Westrope v. Anderson, 98 Neb. 57, 151 N. W. 955: "Amendments of pleading should be allowed whenever such amendments appear to be 'in furtherance of justice.' When such amendments make a continuance necessary, or otherwise increase the costs, such terms should be imposed as are just under the circumstances."

In Butke v. Nachschoen, 132 Neb. 514, 272 N. W. 326, it was held: "When the defendant offers in court an amended answer, which is proper in form and in furtherance of justice, the court should permit said amended answer to be filed under section 20-852, Comp. St. 1929, (now section 25-852, R. S. 1943), under such terms and upon such conditions as the court may provide."

We have not overlooked the statement in First Nat. Bank of Wymore v. Myers, 44 Neb. 306, 62 N. W. 459, relied upon by plaintiff, to the effect that: "The Code permits amendments in furtherance of justice. In construing this provision the rights of the party seeking to amend are not alone to be considered. The court in permitting amendments must be careful not to sacrifice the rights of the other party. To do so would not be in furtherance of justice." In the light of the record before us, we have simply observed and applied it.

First Nat. Bank of Wymore v. Myers, *supra,* was a case wherein plaintiff requested permission to amend after judgment. In the case at bar, the record does not disclose that plaintiff's rights would have been prejudiced in any manner by permitting defendant to amend as requested. Assuming otherwise, however, it had a remedy, since the court in permitting the amendment had the power and duty to impose such terms and conditions upon defendant as were reasonable and just to protect plaintiff's rights. On the other hand, the refusal to permit the amendments arbitrarily deprived defendant of a substantial right to prosecute its counterclaim and defense, and left it without a remedy, except appeal on the merits or the prosecution of a separate action in a foreign

jurisdiction at great inconvenience and expense.

We cannot agree with plaintiff's contention that since the jury permitted a recovery upon its theory of what the terms of the contract were with reference to the one car involved in its petition, then defendant was not prejudiced because "obviously the defendant would have been unsuccessful on its counterclaim had it been permitted to file it." Whether or not, at the same time, plaintiff purchased from defendant two other cars upon the same terms and thereafter violated its agreement to do so, was never presented as an issue to the jury for its determination. From the record before us, we cannot conclude that defendant offered its amended answer and counterclaim solely for the purpose and in "an attempt to delay the prosecution of plaintiff's action or to confuse the jury by multiplying the issues," as argued by plaintiff. The issues were simple, and if supported by competent evidence, defendant had a right to have its theory submitted to the jury for its determination.

Fidler v. Adair, 109 Neb. 404, 191 N. W. 683, relied upon by plaintiff, is distinguishable on the facts. In that case, the trial court was never in any manner informed of the nature and purpose of the proposed amendment, and the record could not have shown that the ruling of the court was an abuse of discretion. The record discloses that the trial court, in the case at bar, was informed of the nature and purpose of the proposed amendments presented to it for filing by defendant, and the record does disclose an abuse of discretion.

Western Assurance Co. v. Kilpatrick-Koch Dry Goods Co., 54 Neb. 241, 74 N. W. 592, relied upon by plaintiff, is also distinguishable upon the facts. In that case, the proffered amendments presented an entirely new defense, of which amendments the opinion said: "* * * it does not appear that it (plaintiff) had any actual notice of them before the day of the trial." Concededly herein, plaintiff had such actual notice four days before the trial. Under the circumstances appearing in the fore-

going case, this court simply concluded that the action of the trial court in denying permission to thus amend was not an abuse of discretion.

The opinion therein quoted from 1 Enc. Pl. & Pr. 637, as follows: " 'It is in all cases proper to require from the party asking leave to amend some reasonable excuse for the defect in the pleading which it is sought to correct. The grounds for the motion must ordinarily be shown by affidavit.' " In the case at bar the trial court did not require defendant to show any such excuse. Further, the cases from this jurisdiction cited therein to sustain the rule that "The grounds for the motion must ordinarily be shown by affidavit," do not sustain that statement. One of such cases, Omaha & R. V. R. R. Co. v. Moschel, 38 Neb. 281, 56 N. W. 875, did state the correct and applicable rule as follows: "In all such cases, if a party claims himself prejudiced by the refusal of a trial court to permit an amendment, such prejudice must appear from the record; and if amendments are permitted by the trial judge during the progress of a trial before verdict or decision, and a party is prejudiced by such amendment in the making of his case or defense, he should make such prejudice appear by affidavit or otherwise to the trial judge, and then it would be his duty, on such terms as were reasonable, to either set aside the trial proceedings already had, and continue the case to a future time, or suspend the trial until such time as the party claiming to be prejudiced might, by the exercise of reasonable diligence, be prepared to make his defense or case."

Neither the statute nor any rule of court called to our attention requires a party seeking to amend a pleading to do so in any particular form or manner, nor to support his application therefor by affidavit, if the record discloses that the trial court was in some appropriate manner informed of the nature and purpose of the proposed amendment. In that connection, Western Assurance Co. v. Kilpatrick-Koch Dry Goods Co., *supra,* is overruled

insofar as it presumes to hold the contrary.

Chamberlain v. Vanderhoof, 114 Neb. 47, 206 N. W. 10, relied upon by plaintiff, was a suit upon a foreign judgment, complete and regular on its face, and prima facie valid. It appears that after defendant Christian had filed a general denial, he requested permission at the beginning of the trial to amend his answer by pleading that "no service of summons had been had upon him in the original action, and that the court in that action was without jurisdiction to render a judgment against him." The trial court sustained plaintiff's objection that the proposed amendment came too late and that it would be prejudiced by a change of issue at that time. The opinion discloses that: "Notwithstanding the ruling of the court denying the defendant leave to amend his answer in the manner above referred to, the defendant testified, without objection, that he was never served with process in the case in Colorado, and that he never authorized any one to appear for him in that court. He admitted, however, that he was present at the trial and testified as a witness on behalf of Vanderhoof." Under such circumstances, the trial court, jury having been waived, found in favor of plaintiff, and we not only affirmed the judgment but also concluded that the record failed to disclose that the trial court abused its discretion in refusing to permit the amendment. The situation presented in the case at bar is not one having any similarity therewith.

For the reasons heretofore stated, we conclude that the trial court abused its discretion, thereby depriving defendant of a substantial right, and thus erred in refusing to permit defendant to file its amended answer and counterclaim, and in sustaining plaintiff's motion to strike it from the files. A fortiori, the judgment of the trial court should be and hereby is reversed and the cause remanded.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.