AETNA INS. CO., (BOON v.)

[See Boon v. Aetna Ins. Co., Case No. 1,639.]

---

AETNA INS. CO., (COLLINS v.)

[See Collins v. Aetna Ins. Co., Case No. 3,009.]

---

AETNA LIFE INS. CO., (FRANCE v.)

[See France v. Aetna Life Ins. Co., Case No. 5,027.]

---

## Case No. 96.

### AETNA INS. CO. v. HANNIBAL & ST. J. R. CO.

[3 Dill. 1;[1] 1 Cent. Law J. 206.]

Circuit Court, E. D. Missouri. 1874.

INSURANCE—ASSIGNMENT—SUBROGATION—ACTION —PARTIES.

1. Where insured property has been destroyed by a wrongdoer and the insurer has paid to the owner on the policy less than the value of his loss, and taken a partial assignment of his right, he cannot sue the wrongdoer in his own name for the injury, either as at common law or under the statute of Missouri. The action must be in the name of the owner of the property destroyed.

[Cited in First Presbyterian Soc. v. Goodrich Transp. Co., 7 Fed. Rep. 260; Marine Ins. Co. v. St. Louis, I. M. & S. Ry. Co., 41 Fed. Rep. 645.]

[2. The wrongful act, being single and indivisible, gives rise to but one liability, and only one action can be maintained therefor.]

[Cited in Springfield Fire & Marine Ins. Co. v. Richmond & D. R. Co., 48 Fed. Rep. 361.]

[At law. On demurrer to petition. Demurrer sustained.]

The plaintiff insured the personal property of one Myron H. Balcom, situate adjoining the defendant's railway, for $1,900. Within the lifetime of the policy, property covered by it to the value of $2,214 was destroyed by the carelessness of the defendant's servants in the use of its locomotive engine. The insurance company paid Balcom, in full satisfaction for all claim under his policy, $1,050, and received from him a written instrument reciting the foregoing facts, and assigning to it all his right to recover on account of said loss against the railroad company, reserving all rights in excess of the $1,050. The petition, which is in the name of the insurance company, sets forth the foregoing facts, and asks a judgment against the railroad company for the $1,050. The defendant demurs, because the cause of action is not assignable, either by operation of law or by act of the

[1][Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

parties, and because the plaintiff is not entitled to maintain an action in its own name.

Lucien Eaton, for plaintiff.
James Carr, for defendant.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge. The property destroyed exceeded in value the amount insured, and the rule of law has been long settled that the insurance company, on the payment of the loss, cannot sue the wrongdoer who occasioned it in its own name. The suit, though for the use of the insurer, must be in the name of the person whose property was destroyed. The wrongful act was single and indivisible, and gives rise to but one liability. If one insurer may sue, then, if there are a dozen, each may sue, and if the aggregate amount of all the policies falls short of the actual loss, the owner could sue for the balance. This is not permitted, and so it was held nearly a hundred years ago, in a case whose authority has been recognized ever since, both in Great Britain and in this country. London Assur. Co. v. Sainsbury, 3 Doug. 245, 1783, in which the exchequer chamber unanimously affirmed the judgment of the king's bench for the defendant; Rockingham Mut. Fire Ins. Co. v. Bosher, 39 Me. 253, and cases cited; Hart v. Western R. Corp., 13 Metc. [Mass.] 99, where the subject is fully gone into by Chief Justice Shaw; Connecticut Mut. Life Ins. Co. v. New York & N. H. R. Co., 25 Conn. 265, 278; Peoria, M. & F. Ins. Co. v. Frost, 37 Ill. 333; Fland. Ins. pp. 360, 481, 591. But it is insisted that the provision of the Missouri statute, that every action shall be prosecuted in the name of the real party in interest, though it declares that the provision shall not authorize the assignment of a thing in action not arising out of contract, (Gen. St. 1865, p. 651, § 2,) changes the rule. However it might be if the amount paid by the insurer to the assured had equaled or exceeded the value of the property, and the assured had made a full assignment, it is plain that this case falls within all the reasons of the rule itself, as expounded by Buller and Mansfield in the case in Douglas above cited, and which is the foundation of the law on this subject. The demurrer to the petition is sustained.

Judgment accordingly.

NOTE, [from original report.] Leave was given the plaintiff to amend and make Balcom plaintiff on the record, but as the latter, as well as the defendant, was a citizen of Missouri, no amendment, so as to give the court jurisdiction, was practicable, and the plaintiff submitted to a nonsuit. As to subrogation of insurer to rights of assured against wrongdoer, see cases cited in May, Ins. § 453 et seq. As to suits in name of "real party in interest" see Weed Sewing-Mach. Co. v. Wicks, [Case No. 17,348.]