SPRINGFIELD FIRE & MARINE INS. Co. *v.* RICHMOND & D. R. Co., (SAVANNAH FIRE & MARINE INS. Co., Interveners.)

*(Circuit Court, D. South Carolina. December 9, 1891.)*

**1. PARTIES—ACTIONS OF TORT—INSURANCE.**

Property covered by many different insurance policies was destroyed through the negligence of a railroad company, and a few of the insurers paid their proportion of the loss, taking an assignment of a proportional part of the claim against the railroad company. Suits were brought against the other insurers, pending which one of the companies which had paid sued the railroad on its assigned cause of action, whereupon another one petitioned to be made a party plaintiff, and that the insured be also joined as plaintiff. *Held* that, as the latter had the legal title to the cause of action, and the predominant beneficial interest therein, it could not be compelled to join as plaintiff against its will, notwithstanding that the cause of action, being for a tort, was indivisible, and only one action could be maintained thereon.

**2. SAME—STATE LAWS.**

The right to join the insurer, either as plaintiff or defendant, cannot be asserted under Code Civil Proc. S. C. § 143, providing that "when complete determination of a controversy cannot be made without the presence of other parties the court must cause them to be brought in," as this section must be read in connection with section 140, which provides that "of the parties to an action those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained he may be made defendant;" and by thus reading them it is apparent that their provisions were derived from the practice in equity, and therefore can have no application to an action at law in a federal court.

At Law. Action by the Springfield Fire & Marine Insurance Company against the Richmond & Danville Railroad Company. Heard on the petition of the Savannah Fire & Marine Insurance Company to be made a party plaintiff, and to have the Petzer Manufacturing Company also joined as plaintiff. Petition denied.

*Abney & Thomas,* for plaintiff.

*Cothran, Wells, Ansel & Cothran,* for defendant.

*Julius H. Heyward,* for petitioner.

SIMONTON, J. This is a case of novel aspect. In order to understand it a statement is necessary. The Pelzer Manufacturing Company had over a thousand bales of cotton stored with Cely Bros., warehousemen. The cotton was insured in bulk in the name of Cely Bros., as warehousemen, in several insurance companies, for some $45,000 in the aggregate, each insurance company taking its own several risk. The cotton was all consumed at one time by a fire originating, it is said, from sparks of a passing locomotive belonging to the Richmond & Danville Railroad Company. It is also alleged that the warehouse was on the right of way of the Richmond & Danville Railroad. The cotton having been totally destroyed, Cely Bros. assigned to the Pelzer Manufacturing Company all the policies in which the cotton belonging to it was insured. This company proceeds to enforce them. One of the companies, the plaintiff in this action, paid its share of the loss to the Pelzer Manufacturing Company,—some $4,500. Taking assignment from the Pelzer Manufacturing Company of so much of its claim upon the railroad company as would cover this sum, it brought suit in the

state court thereon in its own name.   Section 1511 of the General Statutes of South Carolina makes a railroad company responsible for property destroyed on its own right of way by sparks from a locomotive. The defendant removed the case to this court.   The cause being on the docket awaiting trial, a petition is filed by the Savannah Fire & Marine Insurance Company, stating that it also was an insurer upon this lot of cotton so stored with Cely Bros., and destroyed by fire; that it had paid the full amount of its risk—some $2,800—to the Pelzer Manufacturing Company; that the prosecution of the suit as it stands may affect its rights.   It prays that the complaint be so amended as to protect its right.   The order proposed directs the summons and complaint to be so amended that the Pelzer Manufacturing Company be made a formal party plaintiff in this action, and that judgment be demanded for the full value of all the cotton owned by the Pelzer Manufacturing Company and destroyed by fire, as alleged in the complaint.   The plaintiff does not seem to object to the motion, provided that its rights are not affected.   The defendant filed a demurrer to the petition as if it were in equity.   At all events, it objects.   Neither of them were present at the motion for the amendment.   The counsel for the Pelzer Manufacturing Company was present without notice, and protested against the proceeding, subsequently filing his written protest.   This was put, among other grounds, on the fact that it had been served with no summons, notice, or other proceeding.   The position of the plaintiff is this:   The Pelzer Manufacturing Company has the right to obtain from the Richmond & Danville Railroad Company damages for the destruction of this cotton.   The insurers who indemnify the manufacturing company and pay the losses are subrogated to the remedies which the assured had against the railroad company, (*Hall* v. *Railroad Co.*, 13 Wall. 370,) and to the use of the name of the assured in any suit to this end, (*Railroad* v. *Jurey*, 111 U. S. 595, 4 Sup. Ct. Rep. 566;) in which suit he cannot be affected by any act of the assured disclaiming, forbidding, or seeking to dismiss or release the suit, (*Hart* v. *Railroad Co.*, 13 Metc. [Mass.] 100;) but that this subrogation is to the rights which the assured had, no greater, no less, (*Liverpool & G. W. Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 9 Sup. Ct. Rep. 469;) and, as the action of the assured is upon a tort,—a single and indivisible right of action,—only one suit can be brought, (*Ætna Ins. Co.* v. *Hannibal & St. J. R. Co.*, 3 Dill. 1;) that the present suit may exhaust the remedy, and thus preclude it; that its only protection is a suit in the name of the Pelzer Manufacturing Company.   These positions seem to be sustained by the authorities.   It would be premature on this motion to decide them.

Assuming, for the purposes of this case, that they are well taken, we are met by a condition of facts which occur in none of the cases quoted. The plaintiff and the petitioner have paid but a small proportion of the entire loss.   They may be—personally I have no doubt that they are— entitled to share *pro tanto* in any rights the Pelzer Manufacturing Company may have against the railroad company.   It may become neces-

sary for them to obtain the use of the name of the company in securing their rights. I have no doubt that at the proper time and in appropriate proceedings they can obtain the aid of the court to this end; but this cannot be done now, nor under this form of proceeding. The court hesitates to compel the Pelzer Company to lend its name in this case in the manner proposed. This lot of cotton was insured, not for its full value, in some 15 companies. Of these three paid voluntarily and one by compulsion. Suits are now pending in the circuit and supreme courts of South Carolina against the others. During the pendency of these suits the Pelzer Company offered to the insurance companies that if the loss be paid, it would begin suit against the railroad company, and either conduct it for or turn it over to them. This offer was not accepted. When the loss occurred the Pelzer Manufacturing Company (assuming that the railroad company is liable) had its remedy either against the insurance companies on their several contracts, or against the railroad company under the statute. It had the right to determine for itself, and to elect its course. This right it exercised and is now using. The court cannot interfere with the right and compel it to make use of both remedies. Story, Eq. Jur. 640. Notwithstanding that each of the four companies has paid its share of the loss, and to this extent shares with the Pelzer Company the claim upon the railroad company, by far the largest proportion of the loss is still borne by that company. If it be made a party in this case it could be in no sense a nominal party, whose substantial rights would not be affected by the result. The court cannot compel a person to come in and seek a vindication of his rights as plaintiff. A plaintiff comes into court; he is not brought in. Were this company made plaintiff it would be the party most interested. It would be an anomaly, not only to make it plaintiff, but to make it use the complaint prepared and amended by another party, and to intrust its case to counsel selected by that party. We cannot make the companies who paid a part of the loss *domini litis.* Nor is it within the power of the court to force a party in, who must be *dominus litis.* A careful search into all the authorities has failed to discover a case at law in which one having a substantial right, a beneficial interest, as well as the legal title, in a cause of action, alone or with others, has been compelled to come in and bring or unite in an action as plaintiff.

The counsel for the party intervening calls attention to the provisions of the Code of Civil Procedure of South Carolina, § 143: "When complete determination of a controversy cannot be made without the presence of other parties the court must cause them to be brought in." But we must read this in connection with section 140 of the same Code: "Of the parties to an action those who are united in interest must be joined as plaintiffs, or defendants; but, if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made defendant."

But the case at bar is a law case in tort. There is no precedent of an action at law in which the tort-feasor is joined with the principal sufferer as a party defendant. These provisions of that Code are derived from

the practice in equity, and have no place whatever on the law side of this court. *Hurt* v. *Hollingsworth*, 100 U. S. 100. Indeed, the present application itself proceeds upon practice in equity. The petitioner is entitled to and seeks to enforce an equity. The issues in the case on the docket are between the Springfield Fire & Marine Insurance Company and the Richmond & Danville Railroad Company. With the issues— that is, whether the defendant shall pay certain damages to plaintiff—the petitioner has no direct concern. It is directly interested in the principle upon which such damages would be allowed or refused, as it is in every case analogous to its own. The counsel for the petitioner insists that he has a direct immediate interest in this suit, and that its prosecution in its present shape may preclude his client entirely. The action is upon a tort from its nature indivisible. A recovery in an action upon it precludes any other. The petitioner stands precisely in the same plight as the plaintiff. The plaintiff's suit may preclude it. If this position be correct, it may demonstrate that the plaintiff has no standing in court. If it does not do this, it at least shows that the petitioner has a strong equity, which will be protected on the other side of this court, which cannot be protected on this side of the court. And, in order to obtain the wishes of the petitioner, the Pelzer Manufacturing Company must be a party to such a proceeding. Being such party, its rights must also be considered, and, if the equities are equal, the legal right will turn the scale. Let the petition be dismissed without prejudice. The motion to amend is refused also, without prejudice.