OMAHA & REPUBLICAN VALLEY RAILWAY COMPANY v. GRANITE STATE FIRE INSURANCE COMPANY.

FILED JANUARY 19, 1898. No. 7678.

Actions: RAILROAD COMPANIES: FIRES: INSURANCE: ESTOPPEL. Property partially insured was burned by the negligence of a railroad company. The insurer paid to the insured the amount of the policy and took from him an assignment of his cause of action against the railroad, to the extent of the insurance paid. The insured then sued the railroad company for the remainder of his loss. The railroad company knew of the insurance company's

rights and pleaded the assignment, but abandoned the defense and stipulated that judgment should go against it. *Held,* That the insurance company was not precluded by its knowledge of the pendency of that suit, nor by the settlement thereof, from afterwards maintaining an action against the railroad to recover the amount of the insurance by it paid.

ERROR from the district court of Lancaster county. Tried below before HALL, J.   *Affirmed.*

The opinion contains a statement of the case.

*J. M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error:

The cause of action arising from the negligence of the railroad company is indivisible.   The claim of the insurance company should have been presented in the action by the insured.   The insurer cannot maintain a separate action against the railroad company for the amount paid under its policy. (*Rockingham Mutual Fire Ins. Co. v. Bosher,* 39 Me. 256; *Mobile & M. R. Co. v. Jurey,* 111 U. S. 584, 593; *Hall v. Railroad Co.,* 13 Wall. [U. S.] 370; *Phœnix Ins. Co. v. Erie & Western Transportation Co.,* 117 U. S. 312; *Gales v. Hailman,* 11 Pa. St. 515; *British & Foreign Marine Ins. Co. v. Gulf, C. & S. F. R. Co.,* 21 Am. & Eng. R. Cas. [Tex.] 112; *The Propeller Monticello v. Mollison,* 17 How. [U. S.] 153; *Smith v. Jones,* 15 Johns. [N. Y.] 229; *Willard v. Sperry,* 16 Johns. [N. Y.] 121; *MacDougall v. Maguire,* 35 Cal. 274; *Ætna Ins. Co. v. Hannibal & St. J. R. Co.,* 3 Dill. [U. S. C. C.] 1; *Swarthout v. Chicago & N. W. R. Co.,* 49 Wis. 625; *Hundhausen v. Bond,* 36 Wis. 29-41; *Yates v. Whyte,* 4 Bing. N. C. [Eng.] 272; *Randal v. Cockran,* 1 Ves. Sr. [Eng.] 98; *Peoria Marine & Fire Ins. Co. v. Frost,* 37 Ill. 333; *First Presbyterian Society of Green Bay v. Goodrich Transportation Co.,* 7 Fed. Rep. 257; *Marine Ins. Co. v. St. Louis, I. M. & S. R. Co.,* 41 Fed. Rep. 643; *Norwich Union Fire Ins. Society v. Standard Oil Co.,* 59 Fed. Rep. 984; *Continental Ins. Co. v. Loud & Sons Lumber Co.,* 93 Mich. 139; *Pratt v. Radford,* 52 Wis. 118; *Home Mutual Ins. Co. v. Ore-*

*gon R. & N. Co*, 26 Pac. Rep. [Ore.] 857; *Watson v. Milwaukee & M. R. Co.*, 57 Wis. 339; *Hustisford Farmers Mutual Ins. Co. v. Chicago, M. & St. P. R. Co.*, 66 Wis. 58; *State Ins. Co. v. Oregon R. & N. Co.*, 20 Ore. 563; *North Shore R. Co. v. McWillie*, 5 Mont. Q. B. [Can.] 122.)

Insurer did not by subrogation acquire the right to maintain suit in its own name. (*Brighthope R. Co. v. Rogers*, 8 Am. & Eng. R. Cas. [Va.] 710-12; *Grubbs v. Wysor*, 32 Gratt. [Va.] 131; *Hart v. Western R. Co.*, 13 Met. [Mass.] 99-105; *Mason v. Sainsbury*, 3 Doug. [Eng.] 61; *Clark v. Inhabitants of the Hundred of Blything*, 2 B. & C. [Eng.] 254.)

The insured sued the railroad company and recovered a judgment, which defendant paid. The insurer had notice of the pendency of that action and was estopped from afterward maintaining a suit against the railroad company for the amount paid under the policy. (*City of Boston v. Worthington*, 10 Gray [Mass.] 496; *Chicago v. Robbins*, 2 Black [U. S.] 418; *Clarke v. Carrington*, 7 Cranch [U. S.] 322; *Pierce v. Chicago & N. W. R. Co.*, 36 Wis. 284; *Stanley v. Goodrich*, 18 Wis. 534; *Pratt v. Donovan*, 10 Wis. 320.)

The insurer having refused to be made a party to the suit by insured, the judgment in favor of the latter is *res judicata*. (*Miller v. Covert*, 1 Wend. [N. Y.] 488; *Guernsey v. Carver*, 8 Wend. [N. Y.] 493; *Bendernagle v. Cocks*, 19 Wend. [N. Y.] 209; *Trask v. Hartford & N. H. R. Co.*, 2 Allen [Mass.] 331; *Rittenhouse v. Levering*, 6 Watts & S. [Pa.] 197; *Newcomb v. Cincinnati Ins. Co.*, 22 O. St. 382; *McCormick v. Irwin*, 35 Pa. 117; *Goswiler's Estate*, 3 Pen. & W. [Pa.] 203; *Kernochan v. New York Bowery Fire Ins. Co.*, 17 N. Y. 436.)

*Charles O. Whedon, contra:*

The settlement of insured's claim by the railroad company did not affect the rights of insurer. If so intended it is a fraud upon the insurer and does not impair its rights or remedies. (*Connecticut Fire Ins. Co. v. Erie R. Co.*, 73 N. Y. 399; *Clark v. Wilson*, 103 Mass. 223; *Mon-*

*mouth County Mutual Fire Ins. Co. v. Hutchinson*, 21 N. J.
Eq. 107; *Graff v. Kipp*, 1 Edw. Ch. [N. Y.] 618; *Hart v.
Western R. Co.*, 13 Met. [Mass.] 99; *Ætna Fire Ins. Co. v.
Tyler*, 16 Wend. [N. Y.] 397; *Gracie v. New York Ins. Co.*, 8
Johns. [N. Y.] *237; *Timan v. Leland*, 6 Hill [N. Y.] 237;
*Trask v. Hartford & N. H. R. Co.*, 2 Allen [Mass.] 331;
*Mayor v. Stone*, 20 Wend. [N. Y.] 139; *Rockingham Mutual
Fire Ins. Co. v. Bosher*, 39 Me. 253; *Perrott v. Shearer*, 17
Mich. 48; *Atlantic Ins. Co. v. Storrow*, 1 Ed. Ch. [N. Y.]
621.)

Upon payment of insured's claim under the policy in-
surer acquired a right of action against the railroad com-
pany.    ( 24 Am. & Eng. Ency. Law 306; 2 May, Insurance
sec. 454; Harris, Subrogation [1st ed.] sec. 624; Wood,
Insurance [1st ed.] secs. 473, 474.)

The insurer may maintain the action in its own name.
(Code of Civil Procedure, sec. 30; *Connecticut Fire Ins. Co.
v. Erie R. Co.*, 73 N. Y. 399; *Garrison v. Memphis Ins. Co.*,
19 How. [U. S.] 317; *Marine Ins. Co. v. St. Louis, I. M. &
S. R. Co.*, 41 Fed. Rep. 643; *Home Ins. Co. v. Pennsylvania
R. Co.*, 11 Hun [N. Y.] 182; *·Hustisford Farmers Mutual
Ins. Co. v. Chicago, M. & St. P. R. Co.*, 66 Wis. 58; *St. Louis,
A. & T. R. Co. v. Fire Ass'n*, 55 Ark. 163; *London Assurance
Co. v. Sainsbury*, 3 Doug. [Eng.] 245; *Mills v. Murry*, 1 Neb.
327; *Seymour v. Street*, 5 Neb. 93; *Hicklin v. Nebraska City
Nat. Bank*, 8 Neb. 463; *Hoagland v. Van Etten*, 22 Neb. 684.)

*Charles E. Magoon*, also for defendant in error.

IRVINE, C.

From admissions in the pleadings and from the stipu-
lation of facts whereon this case was tried we gather
the following facts: One Erickson was the owner of land
along the line of the railroad owned by the plaintiff in
error, on which were certain buildings and personal prop-
erty of the value of $3,900, which were wholly destroyed
by fire set out by the negligence of the railroad company.
Erickson had insurance on the property, written by the

defendant in error, to the amount of $1,000.  The insurance company paid the loss and Erickson assigned to it his cause of action against the railroad company to the extent of $1,000.  Erickson then brought suit against the railroad company, alleging the loss of his property through its negligence, its value as $3,900, and the insurance and payment to him of $1,000 by the insurance company, and prayed damages for $2,900.  The railroad company answered in that case, alleging the assignment to the insurance company, and another assignment to a stranger of the remainder, and that Erickson was, therefore, not the real party in interest.  After issues were so joined a settlement was made between the railroad company and Erickson, whereby it was agreed that judgment should be entered in favor of Erickson for $1,750.  A jury was impaneled, a verdict returned in accordance with the stipulation, judgment entered thereon and paid. Pending this suit the railroad company had notified the insurance company of its pendency, and the insurance company had refused to intervene, notifying the railroad company at the same time of its intention to hold the railroad company under the assignment.  After the judgment in favor of Erickson was entered and paid, this suit was begun by the insurance company to recover to the extent of $1,000 and interest.  The railroad pleaded the foregoing facts.  The case was submitted to the court without a jury, on a stipulation of facts, which left no issue to be determined from evidence.  The court found for the insurance company and entered judgment accordingly.  The assignments of error relied on relate to the correctness of the conclusions of law reached by the district court.

Certain propositions contended for by the railroad company are undoubtedly correct, and any consideration of the case must proceed from the starting point thereby established.  At common law a chose in action, with certain exceptions not here material, was not assignable, so as to permit the assignee to sue in his own name.

The right of an insurance company to recover against a wrong-doer, whose negligence has subjected the insurance company to a liability, whether the company's right be based on an equitable subrogation or an express assignment, is traced through the insured; that is, no cause of action can exist on behalf of the insurer, unless it existed in favor of the insured. Any defense available against the insured is equally available against the insurer, except as to acts of the insured after payment of the loss and with notice to the wrong-doer of the insurer's rights. That principle goes no farther. A cause of action for tort, such as this, is indivisible without the consent of the defendant. A person injured cannot, by assignments of portions of his damages, subject the defendant to a multiplicity of suits for the same wrong. The authorities cited by the railroad company really tend to establish nothing more than the foregoing principles.

We take it that this case is controlled by the following considerations: Under our Code of Civil Procedure actions must, with a few express exceptions not relating to this case, be brought in the name of the real party in interest. (Code, sec. 29.) The assignee of a chose in action may maintain an action thereon in his own name without the name of the assignor. (Code, sec. 30.) The original cause of action being indivisible, unless by the consent of the defendant, Erickson should have joined the insurance company as a plaintiff in his action. If the company refused to so join, it might have been made a defendant. (Code, secs. 40, 41, 42.) The railroad's answer in the Erickson suit was therefore good, and stated a valid defense; its abandonment of the defense and stipulation for judgment against it amounted then to a waiver of a good defense and a voluntary payment. Knowing, as it then knew, of the rights of the insurance company, it is not protected, by that voluntary payment of Erickson's claim, against a valid claim of the insurance company not included in that settlement. Its action was equivalent to express consent to a splitting of the cause

of action, and it can claim no estoppel against the insurance company because it acted with full knowledge of its rights and of its intention to assert them.

Not a single case cited conflicts with the views expressed. In *London Assurance Co. v. Sainsbury*, 3 Doug. [Eng.] 167, Langdale had suffered a loss through the riots of 1780. He sued the inhabitants under the riot act. Allowance was made in that suit for the insurance by him received, and he had judgment for the difference. The insurance company then brought suit. The case was, therefore, much like this. It was held by a divided court that the insurance company could not sue. Lord Mansfield, who with Mr. Justice Buller formed the majority, held that this was so because the common law forbade an assignee to sue in his own name, but said: "If by law either Langdale or the plaintiffs might sue, I have no doubt that it may be shown, from what passed at the trial, that the sum sought to be recovered was not included in the damages, otherwise the plaintiffs might recover against Langdale and show the verdict as conclusive evidence." With us an assignee may sue, and we have therefore in this case, not an authority against the insurance company, but the great weight of Lord Mansfield's opinion that under a state of the law like ours, the action would lie under precisely similar circumstances.

Some cases, such as *Ætna Ins. Co. v. Hannibal & St. J. R. Co.*, 3 Dill. [U. S.] 1, and *Norwich Union Fire Ins. Society v. Standard Oil Co.*, 59 Fed. Rep. 984, state the rule generally that where the loss is greater than the insurance the insurer may not sue. These were cases where the insurer attempted to sue before payment to the insured, and are merely authority for the propostion that the claim is indivisible, and that the railroad company should therefore have insisted on its defense against the partial action of Erickson. The former case holds that the rule applies not only to the common law, but the statute of Missouri, but cites the statute as permitting only the as-

signment of actions based on contract. With us the right of assignment extends to torts. In *State Ins. Co. v. Oregon R. & N. Co.*, 20 Ore. 563, the rule was stated that in such case the insurance company must not sue alone. This does not conflict with our views as a general statement, but it is perhaps worthy of notice that that decision is based on the premise that in Oregon the distinction between actions at law and suits in equity has not been abolished and that the statutory provision permitting an unwilling party, who should be plaintiff, to be made a defendant, applies only to equity cases.

In Wisconsin it is held that the insurance companies must join in one action, and the insured with them if he retains any interest. (*Swarthout v. Chicago & N. W. R. Co.*, 49 Wis. 625; *Pratt v. Radford*, 52 Wis. 114.) That the court was only deciding what we have said, that in the first case the railroad company might have defended on the ground that all were not joined, and not that a confession or settlement of the first suit would bar another by parties not included in the first, is manifest from the language of Lyon, J., in *Pratt v. Radford:* "Had the defendants paid the plaintiff the damages claimed, knowing that the latter had received from the insurance companies the amounts insured, the defendants would still be liable to an action by such companies to recover the amounts so paid, and the release of the plaintiff would be no defense to the action."

In *Connecticut Fire Ins. Co. v. Erie R. Co.*, 73 N. Y. 399, it was held that if the wrong-doer pays the assured after payment to him by the insurer, and with knowledge of that fact, it is a fraud on the insurer, and will not protect the wrong-doer from liability to him.

AFFIRMED.