## H. H. FLOR v. A. C. BUCK.[1]

May 19, 1933.

No. 29,389.

[1]Reported in 248 N. W. 743.

*Streissguth & Fordyce,* for appellant.
*Philip L. Scherer,* for respondent.

*WILSON, Chief Justice.*

Defendant appealed from an order denying his motion for a new trial. Plaintiff prosecuted this action to recover $550 as damages to his automobile, alleged to have resulted from an automobile collision. Defendant among other things pleaded that plaintiff was not the real party in interest. The jury awarded plaintiff $500.

Plaintiff in substance testified that his damages were $625 to $650. On cross-examination he was asked if he had not estimated and stated to certain parties the amount of his damages. An objection that this was incompetent, irrelevant, and immaterial, not within the issues, was sustained. Defendant then offered to prove that plaintiff had theretofore estimated and stated his damages to be $450. The same objection was made and sustained. This was error. Such testimony was admissible for impeachment purposes and as tending to discredit the testimony of plaintiff as to the amount of damages.

The record is unsatisfactory, but we will assume that it shows plaintiff was paid $450 as damages to the automobile and no more. He carried collision insurance, and there was a $50 deduction clause. This would indicate that plaintiff had at least a $50 interest in the action.

Upon the trial defendant sought to show by the cross-examination of plaintiff that he was not the real party in interest and that his loss had been paid by an insurance company, which by right of subrogation owned the cause of action, or that he had assigned the cause of action to the insurance company. Answers to questions were excluded, and the offer of proof was rejected.

While the authorities are not in harmony (Borsheim v. G. N. Ry. Co. 149 Minn. 210, 183 N. W. 519) we are of the opinion that when the insured in a case of this character has not been paid in full by an insurance company but has been partially repaid his loss by such company, leaving a residue to be made good by the wrong-doer, the action should be brought in the name of the insured to recover the full loss. Solberg v. Minneapolis Willys-Knight Co. 177 Minn. 10, 224 N. W. 271; 26 C. J. 465; Wyker v. Texas Co. 201 Ala. 585, 79 So. 7, L. R. A. 1918F, 142, Anno. 145.

If he makes recovery, he has the right first to reimburse himself for his loss and expenses, and then he holds the balance of his recovery in trust for the insurance company. 14 R. C. L. 1410; 23 L.R.A.(N.S.) 870; Ann. Cas. 1918A, 834.

The rights as between the insured and the insurer, questions with which the wrongdoer has little to say other than to know that the plaintiff is the real party in interest (McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714), are usually determined by the provisions of the policy. If it is silent in this respect, the rules of equitable subrogation are controlling.

But there was an offer of proof to show that plaintiff had, under the terms of his policy, assigned to the insurance company the right of action against the defendant. It was error to exclude such proof. Of course, if plaintiff had in fact disposed of all his interest in the case, as defendant alleged, he was no longer the real party in interest. Plaintiff's counsel acted upon the theory that the fact of any transfer related only to the amount paid by the insurance company, and that plaintiff retained an interest to the extent of $100, which the jury said was $50. Defendant's offer of proof was to show that plaintiff had no interest left and that he had assigned the right of action, being all thereof. Hence defendant should have been given the opportunity of making his proof.

Reversed.