MARY DIXON, APPELLEE, v. WILLIAM COFFEY, APPELLANT.

73 N. W. 2d 660

Filed December 16, 1955. No. 33820.

*Russell & Colfer, Davis, Healey, Davies & Wilson,* and *Robert A. Barlow,* for appellant.

*John Stevens* and *Stevens & Scott,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Chappell, J.

Plaintiff Mary Dixon brought this action against William Coffey seeking recovery for personal injuries and damages to her car, alleged to have been proximately caused by negligence of defendant. On trial to a jury it returned a verdict, awarding plaintiff $180 for medical expenses, loss of earnings, pain and suffering, and personal injuries, which were the only elements of damage submitted to the jury for its determination. Thereafter plaintiff filed a motion for new trial which, among other things, substantially alleged: (1) That the trial court abused its discretion and erred in refusing to permit plaintiff to amend her petition before trial in order to plead the full amount of damages to her car and in refusing to submit such issue to the jury for its determination; and (2) that the recovery was inadequate to compensate plaintiff for her personal injuries and damages. Upon such grounds plaintiff's motion was sustained, the verdict and judgment rendered were vacated, and plaintiff was granted a new trial. Therefrom defendant appealed, assigning in substance that the trial court erred in granting a new trail. We conclude that defendant's assignment should not be sustained.

With regard to the issues so raised, there are well-established rules. In Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, this court held: "The alleged errors that may be considered in the district court are those which appear in the record of the proceedings which resulted in the verdict and judgment about which complaint is made and which are called to the attention of the trial court by the motion or appropriate pleading.

"Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party.

"The district court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion.

"As used in this connection judicial discretion means the application of statutes and legal principles to all of the facts of a case.

"The power of judicial discretion authorizes and requires the court to determine the question as to whether or not a legal reason exists for the granting of a new trial. If a legal reason exists and the complaining party makes his application in writing within the time fixed by statute, the court has no discretion in the matter and the motion must be sustained. If a legal reason does not exist, the court has no discretion in the matter and the motion must be denied.

"Where a ground or grounds for a motion for a new trial present a question or questions of fact which are in dispute, the district court becomes the judge of such questions of fact. If a party desires a review of that determination, the showing thereon must be preserved in the record.

"That rule does not authorize the district court to invade the province of the jury and to set aside the verdict and grant a new trial because the court arrived at a different conclusion than the jury on the evidence that went to the jury.

"Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." See, also, Myers v. Platte Valley Public Power & Irr. Dist., 159 Neb. 493, 67 N. W. 2d 739.

Plaintiff's petition substantially alleged that on May 25, 1954, during daylight hours and outside of the corporate limits of any city, she was driving her car on highway No. 89 to the right of the center thereof, when defendant driving his car overtook plaintiff and attempted

to pass her, but unlawfully and negligently turned back to the right side of the highway before he was sufficiently clear of plaintiff's car, and in doing so struck plaintiff's car suddenly and violently, disabling and hurling it off the highway toward the right causing plaintiff to lose control thereof, as a result of which plaintiff's car, after crossing a roadside ditch, struck a pole, wrecking her car and causing her to be thrown against the side of her car, as a result of which she suffered pain, personal injuries, impairment of efficiency in her work, and was required to expend $84.50 for necessary medical treatment. Plaintiff also alleged that as a result of defendant's negligence her car was damaged $50 over and above the insurance recovered by her. She prayed judgment against defendant for such damages and costs.

Thereafter defendant filed a motion to make plaintiff's petition more definite and certain by setting forth the nature and extent of the damages to her car, the fair and reasonable value of the repairs to same, and the amount received from her insurance company. Subsequently such motion was heard and overruled, whereupon, as requested by defendant, he was given 20 days to further plead. Thereafter defendant filed an answer denying generally and alleging that at the time and place alleged plaintiff and defendant were driving their respective cars east on highway No. 89 and a collision occurred west of Beaver City when plaintiff, having passed defendant and returned to the right side of the highway, sharply reduced her speed. That thereupon defendant overtook and passed her, but upon returning to the right side of the highway ahead of plaintiff she suddenly turned somewhat to the left and increased her speed, causing the left front of her car to collide with the right rear of defendant's car, after which plaintiff failed to gain control of her car or bring it to a stop, but accelerated its forward motion so that it went off the highway into the south roadside ditch, collided with a fence and breaking off posts, then continued east, where

it collided with and broke off a telephone pole, and stopped some distance east therefrom. Defendant admitted that both cars sustained some damage, but alleged that the larger portion of damages to plaintiff's car was caused by her failure and inability to reduce her speed and control her automobile. The answer further alleged that if plaintiff suffered any personal injuries they were minor, not disabling so as to prevent her from carrying on a livelihood, as she had fully recovered from any injuries sustained. Defendant prayed for dismissal of plaintiff's petition. Thereafter plaintiff filed a reply in the nature of a general denial.

Subsequently, on February 21, 1955, the day before a trial upon the merits, a pre-trial hearing was held upon the alleged items of damage to plaintiff's car, whereat the trial court ruled and ordered that as pleaded the damage alleged in plaintiff's petition was not a proper item of damage and that no evidence would be permitted to be adduced during the trial with relation to such damages. In doing so, the trial court evidently had in mind Shiman Brothers & Co. v. Nebraska National Hotel Co., 143 Neb. 404, 9 N. W. 2d 807, wherein we held: "Under a statute providing that every action must be prosecuted in the name of the real party in interest, if the insurance paid by an insurer covers only a portion of the loss, the right of action against the wrong-doer who caused the loss remains in the insured for the entire loss and the action must be brought by him in his own name." See, also, Annotation, 157 A. L. R. 1251.

However, immediately after the court had made such ruling, plaintiff in open court requested leave to file an amended petition to show the full amount of damages to her car, and although the record does not show that defendant made any objection to plaintiff's request, the trial court denied it. Plaintiff excepted to such ruling, and at the trial the next day, although it actually would have presented no new issue and defendant's answer would have been adequate to meet the issue with regard

to the amount of plaintiff's damages to her car, and although there was ample evidence admitted without objection by defendant during the trial with regard to the physical extent of the damages to plaintiff's car, the trial court refused to submit the issue of the amount of damages thereto, and foreclosed plaintiff's right to recover same or any part thereof. Further, during the trial, plaintiff was given leave to withdraw her rest for the purpose of making an offer of proof. Her counsel said: "In view of the court's ruling on our pre-trial discussion yesterday that no evidence would be received as to the amount of the damage to the automobile, the plaintiff offers to prove that the damage to the automobile amounted to $242.64 of which her insurance company has paid her $192.64, leaving a balance of $50.00 for which she has not been reimbursed." Thereupon, counsel for defendant said: "We object to the offer of proof for the reason that to permit an amendment of the petition and to interpose an additional element of damage at this time would be unfair and would constitute an element of surprise to the defendant." The trial court sustained such objection.

Although it might be argued that plaintiff's offer of proof was broader than she would be permitted to establish, no such objection was ever made by defendant. Also, no offer whatever was required to be made by plaintiff in order to preserve a review of the question. The general controlling rule in that regard is that an actual offer of evidence upon an issue is not necessary in order to preserve the question for review if the trial court has theretofore ruled, as it did in this case, that no proof upon that issue would be received in any event, and the alleged error in doing so has been appropriately preserved by motion for new trial or otherwise.

As stated in 3 Am. Jur., Appeal and Error, § 354, p. 98: "But the actual offer of evidence upon an issue is not necessary to preserve the question for the appellate court if the trial court rules that no proof upon that

issue will be received." See, also, LaRault v. Palmer, 51 Wash. 664, 99 P. 1036, 21 L. R. A. N. S. 354.

We turn then to the question of whether or not under the circumstances the trial court erred prejudicially when it refused to permit plaintiff to amend her petition in order to properly present the issue of damages to her car. The trial court in effect held that it was prejudicial error and we sustain that conclusion. Section 25-852, R. R. S. 1943, provides: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

This court construed and applied that section in Louis Hoffman Co. v. Western Smelting & Refining Co., 150 Neb. 524, 34 N. W. 2d 889. Therein we held that: "The law of amendments should be liberally construed in order to prevent a failure of justice.

"Except as otherwise provided by statute or rule of court, a party seeking to amend a pleading is not required to do so in any particular form or manner, nor to support his application therefor by affidavit, if the court is in some appropriate manner informed of the nature and purpose of the proposed amendment." In that opinion we said: "With reference thereto, this court said in Curren v. Certain Parcel of Land, 149 Neb. 477, 31 N. W. 2d 405: 'The plaintiff urges that the plain intent of this statute is to determine in one action all conflicting claims of the parties, citing Hanson v. Hanson, 78 Neb. 584, 111 N. W. 368; Draper v. Taylor, 58 Neb.

787, 79 N. W. 709; that in all cases an amendment should be allowed if it is in furtherance of justice (Zancanella v. Omaha & C. B. Street Ry. Co., 96 Neb. 596, 148 N. W. 158); and should be allowed even after the close of the evidence if the adverse party is not prejudiced (Blondel v. Bolander, 80 Neb. 531, 114 N. W. 574). With this contention we are in accord, * * *.'

"As early as Berrer v. Moorhead, 22 Neb. 687, 36 N. W. 118, this court held: 'The law of amendments should be liberally construed in order to prevent a failure of justice.' The progressive evolution of procedure in our courts has not changed that rule, but has demonstrated the necessity of its continuing judicial application. * * *

"Likewise, it was held in Westrope v. Anderson, 98 Neb. 57, 151 N. W. 955: 'Amendments of pleading should be allowed whenever such amendments appear to be "in furtherance of justice." When such amendments make a continuance necessary, or otherwise increase the costs, such terms should be imposed as are just under the circumstances.' "

In the case at bar the record does not disclose that defendant's rights would have been prejudiced in any manner by permitting plaintiff to amend as requested. Assuming otherwise, however, defendant had a remedy, since the trial court in permitting the amendment had the power and duty to impose such terms and conditions upon plaintiff as were reasonable and just to protect defendant's rights. On the other hand, the refusal to permit the amendments arbitrarily and erroneously deprived plaintiff of a substantial right to prosecute her claim for damages to her car and left her without any remedy except by appeal on the merits. The record discloses that the trial court was of necessity informed at the pre-trial hearing of the nature and purpose of the amendments proposed by plaintiff, and we conclude that the trial court abused its discretion in denying plaintiff the right to amend as requested. When plaintiff asked leave on the day before the trial to file an

amended petition to which no objection was made by defendant, it should have been granted. The trial would not of necessity have been delayed, the issues would not have been changed, and defendant would not have been prejudiced. In the light thereof, a new trial was properly granted.

The record in this case discloses ample competent evidence from which the jury could have concluded that defendant was liable, and plaintiff argued that the recovery of only $180 for medical expenses, loss of earnings, pain and suffering, and personal injuries was grossly inadequate. The trial court sustained that contention and we conclude that the trial court was correct in doing so.

In Ambrozi v. Fry, 158 Neb. 18, 62 N. W. 2d 259, this court reaffirmed that: "When the amount of the damages allowed by a jury is clearly inadequate under the evidence in the case, it is error for the trial court to refuse to set aside such verdict." On the other hand, in the same case we reaffirmed that: " '* * * where the recovery awarded is sufficient to probably do justice to the injured party, an appellate court should not interfere.' "

In the light of such rules, we have examined the evidence with regard to plaintiff's medical expenses, loss of earnings, pain and suffering, and personal injuries caused by the accident. It was stipulated that the reasonable value of medical expenses necessarily incurred by plaintiff as a result of the accident was $84.50. Plaintiff was a widow 52 years old. She was a farmer who managed her own farm and taught school as well during 8 months of the year. Her son was in the military service and her two daughters were in college, so she got little assistance from them. Previously, plaintiff's lower right limb had been somewhat disabled by polio, and she operated the accelerator and brake on her regulation 1952 4-door Deluxe Chevrolet car with her left foot. When struck by defendant's car, while admittedly being driven by

defendant at more than 40 miles an hour, plaintiff's own car was thrown suddenly and violently out of control toward the south across a ditch where it struck and broke a fence post or posts, then went on east where it broke off a telephone pole and, disabled, stopped some distance therefrom. As a result, the front of her car was wrecked and plaintiff was thrown around, out of her car seat, against the steering wheel and sides of her car, which caused her to almost black out for several minutes and to have a severe backache, headache, and nervousness. Her body was bruised on both the right and left sides. Both of her lower limbs from knee to thigh were bruised, and her left arm was bruised. Her disability and pain having continued for about 6 days, she consulted a physician at McCook who examined and prescribed for her upon five different occasions during June, July, and August 1954. As directed by her physician, she also consulted an orthopedist from Lincoln who examined her and took X-rays. During August, as directed by her physician who was still unable to relieve her disability, she consulted a chiropractor who gave her three treatments. She was unable to work in her fields for at least 8 days, then she first worked during 1 or 2 hours, and later as much as 4 hours a day. Her back pained her all the time, and she could not rest at night for about 3 months. Even at time of trial she had headaches at night and a slight nervousness. During the 1953-1954 8-months school year she earned $400 a month teaching in a school where 14 students attended. During the 1954-1955 8-months school year such a school was too much of a strain, so she obtained a school with only nine pupils and four grades, which required her to take a cut in salary of $25 a month for the term. During that period she lived in a trailer near the schoolhouse and some week ends drove back and forth to her farm where she had hired help to look after her stock and farming interests.

On February 16, 1955, about a week before the trial,

plaintiff was examined by another physician at request of defendant's counsel. Such physician testified for defendant. On direct examination, he testified that plaintiff did not then complain of any localized pain or tenderness in her back. His X-ray examination did disclose some fairly normal compensating lumbar curvature due to the shortening of her right limb, and some degenerative arthritis, but he believed it was doubtful that such had any relation to her injury received in the accident of May 25, 1954. Plaintiff did then complain to him about nervousness and generalized headaches in the top of her head in the evening after work. On direct examination, he also gave his opinion that his examination showed no residual damages from the accident. However, on cross-examination, he agreed that the difficulty she was experiencing could be reasonably attributed to her condition after the accident, and he testified that in his opinion some aggravation of her degenerative arthritis would be caused by the accident.

In the light of such evidence, we conclude, as the trial court must have done, that if defendant was liable to plaintiff, as concluded by the jury, then the amount of $180 for her personal injuries, pain and suffering, loss of earnings, and necessary medical expenses was so grossly inadequate that the trial court was right in granting a new trial. In that connection we note also that plaintiff was not permitted by the trial court to recover any damages to her car.

We conclude that the trial court was correct in granting a new trial, and its action in doing so should be and hereby is affirmed at costs of defendant.

AFFIRMED.