GLEN D. MARTINDALE, APPELLANT, v. STATE OF NEBRASKA, DIRECTOR OF MOTOR VEHICLES, APPELLEE.

147 N. W. 2d 6

Filed December 9, 1966. No. 36323.

W. H. Kirwin and Neal D. Youmans, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and FLORY, District Judge.

SPENCER, J.

This is an appeal from the sustaining of the State's demurrer to the petition on appeal of Glen D. Martindale from an order of the Director of Motor Vehicles revoking his operator's license.

A general demurrer tests the substantive legal rights of the parties upon admitted facts including proper and reasonable inferences of law and fact which may be drawn from facts which are well pleaded. Central Nebraska Public Power & Irr. Dist. v. Walston, 140 Neb. 190, 299 N. W. 609.

There is no dispute as to the pleaded facts. The operator's license of appellant was ordered revoked on October 22, 1965, because of an accumulation of 12 points. Included in those points were two resulting from a conviction on February 5, 1964, for operating a motor vehicle on January 21, 1964, when he did not have an operator's license in his possession.

On June 27, 1963, the Director of Motor Vehicles issued an order revoking appellant's license. On that occasion, appellant secured a restraining order in the district court for Scotts Bluff County and the revocation

was held in abeyance pending trial. While the action was pending, appellant's license expired and he was unable to secure a renewal. On November 1, 1963, a judgment was entered in the district court for Scotts Bluff County nullifying the order of revocation. A copy of that judgment was transmitted to the Director of Motor Vehicles. On January 9, 1964, the director issued a letter to effectuate the judgment of November 1, 1963. Appellant alleges that this letter was not received by him until after January 21, 1964. On that day, he was arrested for driving without having an operator's license in his possession. Appellant applied for and received an operator's license subsequent to his arrest on January 21, 1964. His conviction on February 5, 1964, resulted in a loss of two points pursuant to section 39-7,128, R. S. Supp., 1965. Subsequently, and before October 22, 1965, appellant accumulated an additional 10 points, and on that date the Director of Motor Vehicles revoked his operator's license. This the director was required to do. Section 39-7,129, R. S. Supp., 1965, provides in part: "* * * whenever it shall come to the attention of the director that * * * any * * * person has, as disclosed by the records of such director, accumulated a total of twelve or more points within any period of two years, as set out in section 39-7,128, the director shall summarily revoke (1) the license and privilege of such person to operate a motor vehicle in this state * * *."

Appellant challenges the propriety of assessing two points for his failure to have an operator's license in his possession on January 21, 1964, alleging that the failure was due entirely to an unreasonable delay on the part of the Director of Motor Vehicles of the State of Nebraska in issuing the order rescinding the previous order of revocation. Until this was done, appellant was not able to secure a current operator's license. Appellant asserts that the two points assessed as the result of this conviction are therefore wrongfully charged to his operator's license, and that in justice and equity they

should be eliminated. Appellant urges that in equity that which should have been done must be considered as though it were actually done. If this were true, then appellant's point total would be 10 rather than 12, and his license would not be subject to revocation. There is no merit to appellant's contentions.

Conceding an unreasonable delay on the part of the Director of Motor Vehicles, appellant was not without remedy. He had available the right to an appropriate action to compel the director to act, assuming the delay to be unreasonable. He was aware that he was not privileged to operate a motor vehicle on the public highways of this state until he secured a current operator's license. § 60-413, R. R. S. 1943. Instead of resorting to proper legal procedure, he knowingly flaunted the law.

This case is controlled by Bradford v. Ress, 167 Neb. 338, 93 N. W. 2d 17, in which we held: "The validity of a prior judgment of conviction of the operator of a motor vehicle for traffic violations, which judgment has been duly certified in regular form and sent to the director of motor vehicles with nothing appearing thereon indicating invalidity, cannot be collaterally attacked in an appeal to review mandatory and ministerial action of such director in revoking the license of such person to operate a motor vehicle in this state."

The judgment of the trial court is correct and is affirmed.

AFFIRMED.