JOSEPH L. KRAUSE, APPELLANT, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION, APPELLEE.

169 N. W. 2d 601

Filed July 25, 1969. No. 37149.

William L. Howland, for appellant.

Healey & Healey, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and RONIN, District Judge.

WHITE, C. J.

This is an action on behalf of the plaintiff, Joseph L. Krause, against the defendant State Farm Mutual Automobile Insurance Company, hereinafter referred to as State Farm, for reasonable attorney's fees. The plaintiff filed a petition in Lincoln municipal court in which he alleged two causes of action against State Farm. State Farm demurred, and the plaintiff filed an amended petition. State Farm demurred to the amended petition, plaintiff elected to stand upon his amended petition, and the municipal court dismissed the plaintiff's petition. Plaintiff appealed to the district court for Lancaster County, and State Farm filed a demurrer to plaintiff's petition on appeal. Plaintiff elected to stand on his petition on appeal, whereupon the district court entered an order dismissing plaintiff's action. After plaintiff's motion to vacate or in the alternative for a new trial was overruled by the district court, he appealed.

"A general demurrer tests the substantive legal rights of the parties upon admitted facts including proper and reasonable inferences of law and fact which may be drawn from facts which are well pleaded." Martindale v. State, 181 Neb. 64, 147 N. W. 2d 6.

The petition of plaintiff pleads the following facts: On August 1, 1964, Mr. Lowell Roumph was involved in an automobile accident with Mr. and Mrs. Leonard

Kracman. At the time of the accident, Roumph had a $50 deductible collision policy with State Farm, his insurance carrier. The damage to the automobile was in excess of $1,400. State Farm indemnified Roumph to the extent of $1,350 and retained an equitable right of subrogation against the other parties involved.

The plaintiff was retained by Roumph as an attorney to represent him in his claim for damages to his automobile and for personal injuries sustained. After an investigation of the facts in preparation for filing an action against the Kracmans, and after substantial negotiations with Dairyland Insurance Company, the insurer of the Kracmans, settlement was made with Dairyland Insurance Company, Throughout these negotiations, State Farm was aware of the efforts of the plaintiff and acquiesced in, but did not in any way take part in, such negotiations or assist in reaching the settlement.

Apparently, the Dairyland Insurance Company made payment to State Farm for the amount of its subrogation claim. The plaintiff made demand on State Farm for the payment of reasonable compensation for his services and continued to do so for 90 days prior to the institution of this action against State Farm.

In plaintiff's petition, two causes of action were pleaded. In the first, the plaintiff contended that he was entitled to a reasonable attorney's fee for services rendered in connection with his negotiations for collecting the subrogation claim of State Farm against Dairyland Insurance Company, the tort-feasor insurance carrier. Plaintiff relies upon our holding in United Services Automobile Assn. v. Hills, 172 Neb. 128, 109 N. W. 2d 174, 2 A. L. R. 3d 1422. At the outset, we discover that this whole field of litigation is confused because of the conflicting claims between the insured and insurer with reference to the avails of the tort law cause of action against the tort-feasor. In such cases various forms of recovery, as distinguished from substantive rights, have been construed by the courts to protect the subrogation carrier

in its fundamental equitable right where it has paid the insured on a collision claim, and yet maintained the fundamental unity of the tort cause of action as against the right to split the avails. Nebraska is in harmony with the prevailing rule in most jurisdictions that the insured's cause of action against the tort-feasor cannot be split and that at all times there is one cause of action on the part of the insured against the tort-feasor. United Services Automobile Assn. v. Hills, *supra;* Shiman Bros. & Co., Inc. v. Nebraska National Hotel Co., 143 Neb. 404, 9 N. W. 2d 807; Dixon v. Coffey, 161 Neb. 487, 73 N. W. 2d 660; Hayward v. State Farm Mut. Automobile Ins. Co., 212 Minn. 500, 4 N. W. 2d 316, 140 A. L. R. 1236. United Services Automobile Assn. v. Hills, *supra,* was a declaratory judgment proceeding in which the court held that it was, in substance, an interpleader action, since the tort-feasor insurance company had paid the subroga-tion claim to the insured's carrier, and had paid the total amount of the attorney's fee that it owed into court. The insurance carrier refused to pay the plaintiff's attor-ney and refused to permit him to handle or perform any services with regard to collection of the subrogation claim. In awarding the insured's attorney an attorney's fee proportionate to the amount of services he had ren-dered in collecting the subrogation claim along with the personal injury claim against the tort-feasor, this court laid down the substantive principle of liability as fol-lows: "The applicable rule is that where the holder of the subrogation right does not come into the action, whether he refuses to do so or acquiesces in the plain-tiff's action, but accepts the avails of the litigation, he should be subjected to his proportionate share of the expenses thereof, including attorney's fees. In the early case of Newcomb v. Cincinnati Ins. Co., 22 Ohio St. 382, 10 Am. R. 746, the rule was stated as follows: 'Where the assured, as in case of partial insurance, sustains a loss, in excess of the reimbursement or compensation by the underwriter, he has an undoubted right to have

it satisfied by action against the wrong-doer. *But if, by such action, there comes into his hands, any sum for which, in equity and good conscience, he ought to account to the underwriter, reimbursement will, to that extent, be compelled in an action by the latter, based on his right in equity to subrogation.* But the assured will not, in the forum of conscience, be required to account for more than the surplus, which may remain in his hands, after satisfying his own excess of loss in full, and his reasonable expenses incurred in its recovery; unless the underwriter shall, on notice and opportunity given, have contributed to, and made common cause with him, in the prosecution.' See, also, Svea Assurance Co. v. Packham, 92 Md. 464, 48 A. 359, 52 L. R. A. 95; Washtenaw Mut. Fire Ins. Co. v. Budd, 208 Mich. 483, 175 N. W. 231; Shawnee Fire Ins. Co. v. Cosgrove, 85 Kan. 296, 116 P. 819, 41 L. R. A. N. S. 719; Camden Fire Ins. Co. v. Missouri, K. & T. Ry. Co. (Tex. Civ. App.), 175 S. W. 816; Annotation, 36 A. L. R. 1267." (Emphasis supplied.) We note that since United Services Automobile Assn. v. Hills, *supra*, was filed it has become the leading case on the subject and has been followed in other jurisdictions, with perhaps one exception. See, Annotation, 2 A. L. R. 3d 1422, et seq.

The declaration in that holding, emphasized above, is in effect that the insured is compelled to hold the amount of the subrogation claim for the benefit of his insured's carrier and to account to him for this amount in the avails of the action against the tort-feasor. Translated into orthodox legal language, this is simply a declaration impressing a trust upon the fund coming into the hands of the insured and requiring him, following a fiduciary's duty, to account for the proportionate amount of the proceeds corresponding with the subrogation right. It is elementary that subrogation is in its nature equitable and the rights being litigated here are equitable rights. It therefore follows that the insurance contract setting up and declaring the rights between the parties

preserves the unity and control of the insured over his cause of action for personal injury and property damage against the tort-feasor, and yet fully protects the insurer's subrogation right. The right to an attorney's fee follows as a matter of course, since the services rendered by the attorney are beneficial to the administration of the trust and the rights of the beneficiary and as such he is entitled to a proportionate award of an attorney's fee.

The applicable rule is well stated in the case of Parker v. Hardy, 73 S. D. 247, 41 N. W. 2d 555. Therein it is said: "It is a well settled rule of law that an insurer is entitled to subrogation, either by contract or in equity for the amount of the indemnity paid. Harrington v. Central States F. Ins. Co., 169 Okl. 278, 36 P. 2d 738, 96 A. L. R. 859; Flor v. Buck, 189 Minn. 131, 248 N. W. 743; Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 143 Neb. 404, 9 N. W. 2d 807. When the indemnity paid by the insurer covers only part of the loss, as in this case, leaving a residue to be made good to the insured by the wrongdoer, the right of action remains in the insured for the entire loss. Aetna Ins. Co. v. Hannibal & St. J. R. Co., C. C., 3 Dill 1, 1 F. Case No. 96; Harrington v. Central States F. Ins. Co., supra, Anno. p. 879; City of N. Y. Ins. Co. v. Tice, 159 Kans. 176, 152 P. 2d 836, 157 A. L. R. 1233, Anno. p. 1251; Flor v. Buck, supra; Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., supra; Johanson v. Cudahy Packing Co., 107 Utah 114, 152 P. 2d 98, 103. *In these cases the insured becomes a trustee and holds the amount of recovery, equal to the indemnity for the use and benefit of the insurer.* The rule is founded on the principle that the wrongful act was single and indivisible, and gives rise to but one liability. *Upon this theory the splitting of causes of action is avoided and the wrongdoer is not subjected to a multiplicity of suits.*" (Emphasis supplied.)

In Hume v. McGinnis, 156 Kan. 300, 133 P. 2d 162, in dealing with a similar situation the Kansas court said: "If the property loss is greater than the amount of in-

surance paid the action should be in the name of the insured, and the insured holds as much of the judgment recovered as the money paid by the insurer amounts to, *in trust* for the insurer." (Emphasis supplied.)

In the quite recent case of Regent Cooperative Equity Exchange v. Johnston's Fuel Liners, Inc. (N. D.), 122 N. W. 2d 151, the Supreme Court of North Dakota said as follows: "Under the decision of this Court in the case of Farmers Insurance Exchange v. Arlt, N. D., 61 N. W. 2d 429, on page 436, this Court said '* * * By the weight of authority, however, it is held that, if the insurance paid by the insurer covers only a portion of loss, as in the case at bar, the right of action against the wrongdoer, who caused the loss, remains in the insured for the entire loss and the action should be brought in the name of the insured. 29 Am. Jur., Insurance, Secs. 1355 and 1357, pp. 1013, 1015; Annotation 96 A. L. R. pp. 865, 879-881; Annotation 157 A. L. R. pp. 1243, 1251, 1252.' * * * Since our Court in Farmers Insurance Exchange v. Arlt, supra, has in effect made the insured a *trustee* for the insurer to the extent of the insurer's interest under the circumstances involved here, vexatious suits will not lie." (Emphasis supplied.)

In McGeorge Contracting Co. v. Mizell, 216 Ark. 509, 226 S. W. 2d 566, the court held in a quite similar situation as follows: "Here, the appellee, insured, holds the proceeds of his judgment against appellant as trustee and must account to the insurance companies as their interests may appear. The Annotator in 140 A. L. R., page 1246, under 'Right of Insurer to share in recovery by insured against tort-feasor' used this language: 'The cases involving the question of the right of an insurance company which has paid a claim for property damage to an insured automobile to share, under principles of subrogation, in the proceeds of a recovery against or settlement with the tort-feasor in favor of the insured are unanimous in upholding the right of the insurer so to share.' "

With this understanding of the basic relationship between the parties, the resolution of the problem involved in this case becomes clear. The application of the substantive principle announced in United Services Automobile Assn. v. Hills, *supra,* is controlling. This action, arising out of the contractual relationship between State Farm and its insured, is essentially equitable in nature and the services of the attorney in creating and recovering the trust fund as an integral part of the prosecution of the unitary tort cause of action against the tort-feasor is compensable under customary trust principles. State Farm argues that the rule of United Services Automobile Assn. v. Hills, *supra,* should not apply because Hills involved an equitable action of interpleader. This distinction vanishes when we consider the essential nature of the action as being an equitable action to recover and account for a trust fund. Furthermore considering the basic rights involved, equity could not be served by making a distinction based upon form rather than substance. It is apparent that the rule in Hills, under such a distinction, could be easily avoided by direct payment of the tort-feasor's insurance carrier to the plaintiff's insurance carrier. Such a rule would avoid the substantive principles involved in the relationship and deny the application, in equity, of the substantive principles involved. In Hills a lawsuit was actually filed, whereas here no actual suit was filed but it is undisputed that the attorney rendered valuable services in negotiations and in settlement of the case. The recovery of the substantive right to attorney's fees for services rendered should not depend upon the fortuity of filing a lawsuit. Nor should it, in an equity action, depend upon the form of the action. It is unnecessary to discuss the argument of whether the plaintiff's action was brought in the name of the real party in interest inasmuch as our discussion of the basic nature of equitable right of subrogation disposes of any contention of that nature. It is also appar-

ent that it is unnecessary to determine what the reasonable amount of the attorney's fee should be. This follows because of the essential nature of a trust relationship and the accounting of the funds between the parties. We do not hold in this case that State Farm is bound by the contract for fees between the plaintiff's attorney and the insured in the action against the tortfeasor. The allowance depends upon consideration of all of the circumstances including the nature of the contract with the insured and the amount and the nature of the services rendered, and the other principles relating to the award of attorney's fees under the law.

In a second cause of action plaintiff contends that he is entitled to an attorney's fee for collecting the attorney's fee under section 25-1801, R. S. Supp., 1967. The trial court denied recovery of an attorney's fee for collecting for the services and we adhere to that holding. We again point out, particularly under the rationale involved in the present opinion that the plaintiff's claim for an attorney's fee is a claim against the trust fund for expenses and not a claim against State Farm for an attorney's fee which was past due and owing. It is not a claim against a person, partnership, association, or corporation within the purview of the statute.

The judgment of the district court sustaining the demurrer and dismissing the action on the first cause of action is reversed and the cause remanded for a new trial to establish the amount of attorney's fee to be allowed under the applicable principles of law. The judgment of the district court dismissing the second cause of action is correct and is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

SMITH and McCOWN, JJ., dissenting.

Some cases may call for investigation of rules concerning trust relations, real parties in interest, or split causes of action. Compare Omaha & R. V. Ry. Co. v. Granite State Fair Ins. Co., 53 Neb. 514, 73 N. W. 950,

with Dixon v. Coffey, 161 Neb. 487, 73 N. W. 2d 660. The present case is not one of them. Plaintiff's client commenced no action against the alleged third-party tort-feasor. There was no legal compulsion approaching that in United Services Automobile Assn. v. Hills, 172 Neb. 128, 109 N. W. 2d 174, 2 A. L. R. 3d 1422. Yet the majority opinion holds that plaintiff's claim is actionable on the ground of legal compulsion.

The purpose of the rule against splitting causes of action is to prevent multiplicity of suits and to protect a debtor from harassment. Parties do not violate the rule when they reach a partial settlement agreement without commencing action; they may leave the controverted part for litigation. Atchison, T. & S. F. R.R. Co. v. Home Ins. Co., 59 Kan. 432, 53 P. 459, 39 Am. S. R. 504; Bliss v. New York Cent. & H. R.R. Co., 160 Mass. 447, 36 N. E. 65; Wolverine Ins. Co. v. Klomparens, 273 Mich. 493, 263 N. W. 724. We would affirm the action of the district court.