## WOLVERINE INSURANCE CO. *v.* KLOMPARENS.

1. EVIDENCE—SETTLEMENT.

Items entering into a contract for settlement of cause of action may be shown by parol.

2. SUBROGATION—INSURANCE—TORTS.

As between insurer and tortfeasor who caused loss of insured property, latter is ultimately liable for the loss and upon payment to the insured by the insurer latter is entitled to be subrogated *pro tanto* to the insured's right against the tortfeasor.

3. SAME—INSURANCE—TORTS—RELEASE.

Tortfeasor who procures release from an insured with knowledge that latter has previously settled with his insurer works a fraud upon insurer's right, hence such release constitutes no defense as against insurer in action to enforce its right of subrogation against tortfeasor whether settlement between insured and insurer expressly provides for subrogation to latter or right arises alone from its equitable right.

4. ACTION—SPLITTING CAUSE OF ACTION—WAIVER.

The reason a single cause of action may not be split is to prevent repeated litigation in regard to the same cause of action and to protect a debtor from unnecessary vexation and cost and is for debtor's protection, but he may waive such protection by failing to object at the trial.

5. SAME—SPLITTING CAUSE OF ACTION BY ASSIGNMENT—CONSENT OF DEBTOR.

A cause of action may be split by partial assignments if the debtor consents.

6. SAME—REAL PARTY IN INTEREST—ASSIGNMENT OF PART OF TORT ACTION.

Statute requiring action to be prosecuted in the name of the real party in interest recognizes validity of an assignment to an insurer of a part of a cause of action in tort, by providing that in such case both assignor and assignee may join in an action and joint judgment be rendered (3 Comp. Laws 1929, § 14010).

7. COMPROMISE AND SETTLEMENT—SPLITTING CAUSE OF ACTION.

Doctrine that a single cause of action may not be split has no application to settlements since there is no good reason why parties may not settle any part of a controversy upon which they may reach agreement and leave controverted part for litigation.

8. ACTION—COMPROMISE AND SETTLEMENT — TORTS — SPLITTING CAUSE OF ACTION—AUTOMOBILES—INSURANCE.

Tortfeasors who secured release from insured motorist as for all damages arising out of an automobile collision, knowing latter had settled with insured as to part of property damage, could not thereby discharge their obligation to insurer and, by the settlement made with full knowledge thereof, they acquiesced in splitting the cause of action.

Appeal from Ottawa; Miles (Fred T.), J. Submitted June 19, 1935. (Docket No. 113, Calendar No. 38,470.) Decided December 10, 1935.

Case by Wolverine Insurance Company against James T. Klomparens, doing business as Klomparens Coal Company, and another for property damage resulting from an automobile collision with plaintiff's insured under subrogation agreement. Judgment for plaintiff. Defendants appeal. Affirmed.

*Diekema, Cross & TenCate,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette* (*G. F. Classon,* of counsel), for defendants.

FEAD, J. Plaintiff, as assignee of John J. Lanting, had judgment on trial before the court without a jury.

Mr. Lanting had an automobile collision insurance policy issued by plaintiff. The policy contained the usual subrogation clause. As a result of a collision between his car and a vehicle negligently operated by defendants, Mr. Lanting sustained both personal and property damages. In negotiations and adjustment arising out of the collision, defendants were represented by their own insurer and both insurance companies were represented by attorneys and their agents.

The collision occurred February 12, 1934. March 7th, plaintiff paid Mr. Lanting an adjusted sum for property damage and took an assignment of his claim against defendants therefor. No formal or written notice of the assignment was given defendants until July 13th.

Mr. Lanting put his claim against defendants in the hands of an attorney. June 2d, a settlement agreement was executed, releasing defendants from all claims on account of the collision, including injuries to the car and personal property.

Defendants contend the settlement with Mr. Lanting was a bar to this action because they had had no notice of the assignment to plaintiff prior thereto and the settlement contract, which purports to cover all damage, cannot be explained or varied by parol testimony. The items entering into a settlement may be shown by parol. *Pawlicki* v. *Hollenbeck*, 250 Mich. 38. The facts are that defendants, through their investigators and attorneys, were fully informed before the settlement that plaintiff had made payment of property damage on its policy; and, on Mr. Lanting's claim that plaintiff had not paid his full loss therefor, an additional amount for property damage was allowed by defendants in the settlement with him. The rule is applicable:

"It is too well settled to render the citation of authorities necessary that, as between an insurer and a tortfeasor who has caused a loss of the insured property, the latter is ultimately liable for the loss, and that upon payment to the insured by the insurer the latter is entitled to be subrogated *pro tanto* to the insured's right against the tortfeasor. With this right in view the authorities are agreed that where, with knowledge of a previous settlement by the insurer with the insured, a tortfeasor who is responsible for the loss procures a release by making a settlement with the insured, the release amounts to a fraud upon the insurer's right, and therefore constitutes no defense as against the insurer in an action to enforce its right of subrogation against the tortfeasor.

"And the conclusion is the same whether there is an express provision for subrogation of the in-

surer, or whether no such provision exists and the insurer's right arises alone from its equitable right.'' L. R. A. 1916A, 1282, note.

Defendants invoke the doctrine of splitting of causes of action as a bar to recovery by plaintiff. The purpose of the doctrine is to prevent repeated litigation in regard to the same cause of action and to protect a debtor from unnecessary vexation and cost. 1 C. J. p. 1107. It is for the protection of the debtor and may be waived by him, as by failing to make proper objection in the trial court. 1 C. J. p. 1109. And the cause of action may be split by partial assignments if the debtor consents. 1 C. J. p. 1110. Section 14010, 3 Comp. Laws 1929, requiring action to be prosecuted in the name of the real party in interest, recognizes the validity of an assignment to an insurer of part of a cause of action in tort, by providing that in such case both assignor and assignee may join in an action and a joint judgment be rendered.

The doctrine can have no application to settlements. There is no good reason why parties may not settle any part of a controversy upon which they may reach agreement and leave the controverted part for litigation. *Bliss* v. *Railroad Co.,* 160 Mass. 447 (36 N. E. 65, 39 Am. St. Rep. 504). The situation is that defendants, being liable to both Lanting and plaintiff, settled with Lanting. Defendants and Lanting could not discharge defendants' obligation to plaintiff. By the settlement, made with full knowledge, defendants acquiesced in the splitting of the causes of action.

Affirmed, with costs.

POTTER, C. J., and NORTH, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with FEAD, J.

WIEST, J. *(concurring)*. I concur in the opinion of Mr. Justice FEAD solely on the ground that the adjustment agent of the tortfeasor, who made the settlement with the insured, was aware of the subrogation of the insurer and of the limitation on the right of the insured to release full liability and, therefore, in point of law, the tortfeasor obtained no release of the vested right of plaintiff, and cannot now defend on a split of cause of action in which he participated.

The late Justice NELSON SHARPE took no part in this decision.