FRENCH v AUTO-OWNERS INSURANCE COMPANY

Docket No. 62881. Submitted November 18, 1982, at Detroit.—Decided December 21, 1982. Leave to appeal denied, 417 Mich 1085.

Kenneth French was injured on the premises of the Mayea Boat Works while there to repair the intercom system. Mr. French and his wife, Nancy French, brought suit against Auto-Owners Insurance Company, the liability insurer of the premises, and Louis Mayea and Herbert Mayea, the owners of the Mayea Boat Works, in Oakland Circuit Court. Plaintiffs' complaint alleged, *inter alia,* that Auto-Owners had a duty to inspect the premises or to keep the premises in good repair or to warn plaintiff of any defective condition of the premises in time to avert injury. The court, Alice L. Gilbert, J., granted defendants' motion for summary judgment on all counts. Plaintiffs appeal the trial court's granting of summary judgment as to Auto-Owners' duty to inspect and maintain the premises or to warn plaintiff of any danger. *Held:*

1. By merely stating that Auto-Owners had a duty to inspect the premises, without alleging the agreement or intent which alone can create such a duty, plaintiff failed to sufficiently state a claim upon which relief could be granted. Summary judgment in favor of defendant was appropriate.

2. Plaintiffs' other allegations are totally without merit.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

Summary judgment may be properly granted where a plaintiff has failed to state a claim upon which relief may be granted (GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 61A Am Jur 2d, Pleading § 230 *et seq.*

[2] 73 Am Jur 2d, Summary Judgment § 17.

[4] 43 Am Jur 2d, Insurance § 1019.

Reformation of property insurance policy to correctly identify property insured. 25 ALR3d 1232.

2. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

    A party against whom a claim is asserted may move for summary judgment in his favor at any time (GCR 1963, 117.1).

3. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

    A motion for summary judgment for failure to state a claim is determined by considering the pleadings alone; factual allegations contained in the complaint are taken as true, along with inferences or conclusions which may be fairly drawn from the facts alleged (GCR 1963, 117.2[1]).

4. INSURANCE — DUTY TO INSPECT PROPERTY.

    There is no general duty on the part of an insurer to inspect the property of their insureds; a duty to inspect may arise only where an exception to that rule has occurred, *i.e.,* the parties have contracted for inspection or the insurer has voluntarily undertaken it for the insured's benefit.

*William L. Fisher,* for plaintiffs.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Terrance M. Lynch* and *Michael L. Updike),* for defendant Auto-Owners.

Before: M. F. CAVANAGH, P.J., and R. B. BURNS and CYNAR, JJ.

PER CURIAM. Plaintiffs appeal as of right from the entry of an order granting the motion for summary judgment filed by defendant Auto-Owners Insurance Company.

Where a plaintiff has failed to state a claim upon which relief may be granted, summary judgment is proper under GCR 1963, 117.2(1). *Sowels v Laborers' Int'l Union of North America,* 112 Mich App 616; 317 NW2d 195 (1981). A party against whom a claim is asserted may move for summary judgment in his favor at any time. GCR 1963, 117.1. In determining whether to grant summary judgment for failure to state a claim, the pleadings alone are considered. *May v Leneair,* 99 Mich App

209, 213; 297 NW2d 882 (1980); *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). Factual allegations contained in the complaint are taken as true, along with inferences or conclusions which may be fairly drawn from the facts alleged. *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131, 135; 298 NW2d 687 (1980), *lv den* 411 Mich 905 (1981).

In order to adequately state a claim of Auto-Owners' liability based on its negligent failure to inspect, plaintiffs had to establish that Auto-Owners had actually undertaken a duty to inspect. The law is clear that there is no general duty to inspect on the part of an insurer. *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 705; 303 NW2d 702 (1981). A duty may arise only where an exception has occurred, *i.e.,* the parties have contracted for inspection or the insurer has voluntarily undertaken it for the insured's benefit. It was insufficient to baldly state that Auto-Owners had a duty to inspect. Plaintiffs were required to allege the facts which created Auto-Owners' duty because a duty does not exist and cannot be presumed unless Auto-Owners is acting under an exception to the general rule. Where no exception is alleged, plaintiffs cannot show that Auto-Owners had a duty to inspect. Merely stating that Auto-Owners had such a duty, without alleging the agreement or intent which alone can create such a duty, is insufficient to state a claim.[1] Where well-pleaded facts in plaintiffs' complaint fail as a matter of law to establish that Auto-Owners owed any duty to plaintiffs, summary judgment is appropriate. *Lahti v Finnish Mutual Fire Ins Co,* 76 Mich App 398, 400; 256 NW2d 610 (1977).

Affirmed.

---

[1] Plaintiffs' alternative allegations that Auto-Owners had a duty to repair or a duty to warn plaintiff Kenneth French are totally meritless.