**Gerry SHEEHAN, Individually and Gerry Sheehan, as Administratrix of the Estate of Bradley Barry Sheehan, Appellants,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

No. 94–CA–002729–MR.

Court of Appeals of Kentucky.

Jan. 5, 1996.

---

Larry B. Franklin, Hope K. Fitzpatrick, Franklin & Hance, P.S.C., Louisville, for Appellants.

Reford H. Coleman, Coleman & Stevens, Elizabethtown, for Appellee.

Before DYCHE, JOHNSON and JOHNSTONE, JJ.

JOHNSON, Judge:

Gerry Sheehan (Sheehan) appeals from an order of the Jefferson Circuit Court granting summary judgment in favor of United Services Automobile Association (USAA), and dismissing it from a negligence action. We affirm.

On August 20, 1992, Bradley B. Sheehan, a 16-year-old high school student from Louisville was mortally wounded when he allegedly placed a loaded .22 caliber revolver to his head and accidently pulled the trigger. He died the following day. The weapon was owned by Joseph L. Smith, Jr., and had been removed from the Smith home by Joseph's son, Andrew, who was a friend of the decedent.

On August 17, 1993, Gerry Sheehan, individually and as administratrix of the estate of Bradley B. Sheehan, filed an action against USAA and Joseph and Sheila Smith individually and as parents and next friends of Andrew Smith, a minor. Negligence was alleged on the part of USAA in that "it did not screen its homeowner policyholders for the number and types of weapons owned, amount of ammunition owned, type of storage or safeguarding of dangerous instrumentalities, and the names, training and experience of persons allowed access to the weapons and ammunition." USAA moved to be dismissed from the action on the grounds that the complaint failed to state a cause of action against it. The trial court treated the motion as one for summary judgment and on January 25, 1994, entered an order dismissing Sheehan's claim against USAA. Sheehan filed a notice of appeal on February 16, 1994. That appeal was dismissed by this Court upon a determination that the trial court's order was interlocutory and not immediately appealable. Sheehan then sought and ob-

tained a final and appealable order from the trial court which was entered on November 7, 1994. This appeal is from that order.

The crux of this appeal is whether USAA, as provider of a homeowner's policy to the Smiths, owed a duty of care to the decedent. Sheehan contends that USAA had a duty to conduct a risk assessment of its insureds and to educate them through information, precautionary measures, and guidelines in the safe storage of weapons and ammunition or to offer premium discounts that encourage responsible firearm ownership. We can find no precedent which would indicate such a duty on USAA's part, and find that public policy considerations do not support such a duty.

Before a defendant can be held liable on a theory of negligence, there must exist a duty owed to the plaintiff by the defendant. *Mullins v. Commonwealth Life Insurance Co.*, Ky., 839 S.W.2d 245, 247 (1992). *Grayson Fraternal Order of Eagles v. Claywell*, Ky., 736 S.W.2d 328 (1987), indicates that "liability for negligence expresses a universal duty owed by all to all." However, and this is a point frequently overlooked by some, the duty to exercise ordinary care is commensurate with the circumstances. *Id.* at 330. The statement of whether or not a duty exists is but a conclusion of whether a plaintiff's interests are entitled to legal protection against the defendant's conduct. *Id.* The existence of a duty is an issue of law, and a court, when making the determination of such existence, engages in what is essentially a policy determination. *Mullins, supra* at 248.

The rule is that an insurer owes no general duty to a third party to inspect, warn, safeguard, or remedy against a dangerous condition existing on an insured's premises. *Starks v. Commercial Union Insurance Co.*, 501 So.2d 1214 (Ala.1987); *French v. Auto–Owners Insurance Co.*, 122 Mich.App. 288, 333 N.W.2d 42 (1982); *Smith v. Allendale Mutual Insurance Co.*, 410 Mich. 685, 303 N.W.2d 702 (1981). A duty may arise, however, if the parties have contracted for inspection or the insurer has voluntarily undertaken it for the insured's benefit. *French, supra.* This exception is founded on the premise that one who volunteers to act, though under no duty to do so, is charged with the duty of acting with due care. *See Estep v. B.F. Saul Real Estate Investment Trust*, Ky.App., 843 S.W.2d 911, 914 (1992). Such is inapplicable to this case, however, because the undisputed facts show no such undertaking by USAA.

The granting of summary judgment for failure to state a cause of action is proper in the absence of a duty, since Sheehan's negligence claim is so clearly unenforceable as a matter of law that no factual development could possibly sustain it. *See Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255, 256 (1985).

The judgment below is affirmed.

All concur.