RENDERED: AUGUST 26, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0148-MR

NICHOLAS J. PENDERGRAST                                        APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 20-CI-000111

NICKLAUS DESIGN, LLC                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Nicholas J. Pendergrast ("Pendergrast") appeals from the
Jefferson Circuit Court's order granting summary judgment in favor of Nicklaus
Design, LLC ("Nicklaus Design"). Finding no error, we affirm.

On January 22, 2019, Pendergrast, a maintenance worker at Valhalla
Golf Club in Louisville, Kentucky, was injured when the utility vehicle he was
driving hit a patch of ice and slid off the side of a pedestrian/cart bridge. Just

under a year later, Pendergrast filed a complaint in Jefferson Circuit Court alleging that Nicklaus Design, a Florida limited liability company specializing in golf course design, was negligent in failing "to maintain and keep the . . . bridge safe for the use of Valhalla patrons and/or employees, to exercise reasonable care for the safety of Plaintiff, and to eliminate or warn of dangerous conditions on the premises."[1]

After answering the complaint, Nicklaus Design filed a motion for summary judgment alleging it had "never provided any design, renovation, maintenance, or construction work or services pertaining to the bridges or cart paths at Valhalla Golf Club." Therefore, it argued it owed "no duty to Plaintiff with respect to his accident in January 2019." Accompanying the motion were affidavits from James H. Schnare II, Vice President and General Counsel of Nicklaus Design, and Martin C. Cochran, Senior Design Associate of Nicklaus Design.

Schnare's affidavit said that in 2011, Nicklaus Design entered into a "design services agreement" with Valhalla to renovate the golf course. The contract set forth the specific nature of the services to be performed: (1) rebuild and re-grass 23 green complexes; (2) install a new irrigation system; (3) re-

---

[1] The complaint's other allegations of negligence against other parties are not relevant to this appeal.

construct approximately one-third of the bunker complexes and install new drainage and sand; (4) re-construct the clubhouse end of the driving range facility, specifically the tee boxes and short game area; (5) install drainage as necessary; and (6) re-build all mounding where needed in order to improve the maintenance and better accommodate the gallery.

The affidavit further stated that Nicklaus Design did not provide any design services at Valhalla pertaining to bridges or cart paths, although the company "did identify limited sections of the original cart paths on the boundaries of certain golf holes which needed to be relocated due to changes in the design made by the [c]ompany." Schnare said the company generally excludes bridges from their scope of work because bridges must be reviewed or certified by professionals licensed under local law to produce such designs.

Cochran's affidavit said he was responsible for managing the 2011 renovation at Valhalla. He affirmed that at no time during the 2011 renovation did the company "provide any design or consulting services or otherwise participate in any construction work pertaining to any of the bridges on the premises of Valhalla Golf Club." As to cart paths, the only work performed involved relocating small portions affected by changes to the golf holes themselves. None involved changes to cart paths near hole No. 2, where Pendergrast's accident occurred.

On May 1, 2020, Pendergrast tendered interrogatories and requests for production to Nicklaus Design.  It responded, consistent with its tendered affidavits, that it did not design or construct any bridge at Valhalla, and specifically provided no services in connection with the bridge where the accident occurred.  It denied being in possession of any documents related to the design or construction of any bridges and objected to producing evidence unrelated to the incident.  Nicklaus Design also provided the names of all personnel who provided services at Valhalla, and its Field Book designs for hole No. 2, showing its scope of work on that hole during the 2011 redesign.  The drawing does not depict the bridge where the accident occurred.[2]

In response to the motion for summary judgment, Pendergrast moved for additional time to conduct discovery on Nicklaus Design's potential liability, including the chance to depose Nicklaus Design representatives.  The trial court granted Pendergrast's motion on July 9, 2020, ordering that all discovery be completed by September 30, 2020 and that Pendergrast respond to the motion for summary judgment by October 30, 2020.  In late August, counsel for both parties corresponded about Nicklaus Design's objections to discovery requests, and on

---

[2] This finding was made by the trial court in a footnote.  Copies of the document in the record are of poor quality and it is unclear to this Court whether the document depicts the site of the accident.  However, Pendergrast has not challenged this finding on appeal, therefore we assume its veracity.

September 23, 2020, seven days before the discovery deadline, Pendergrast's counsel requested to take depositions of Nicklaus Design representatives, but beyond that, no attempts to conduct additional discovery appear to have been made.

On September 28, 2020, Pendergrast filed a motion to compel and for an extension of time to complete discovery. In the motion, Pendergrast specifically objected to Nicklaus Design not offering "full responses" to its Interrogatory No. 5 and Requests for Production Nos. 6, 15, 21, and 24. These requests generally sought photos of the bridge near hole No. 2 and any documents relating to work performed by Nicklaus Design near hole No. 2 and more generally at Valhalla. Nicklaus Design had objected to providing any documents not related to the area of the accident, but generally asserted that it did not possess any responsive documents. As noted above, it did provide its Field Book designs for hole No. 2.

Thereafter, Pendergrast responded to the motion for summary judgment, arguing that Nicklaus Design had not adequately responded to its discovery requests, and that promotional materials on its website created an issue of fact as to whether its scope of work has included bridges and cart paths in the past. On January 7, 2021, the trial court granted the motion for summary judgment, finding that Nicklaus Design owed no duty to Pendergrast concerning

the allegedly dangerous condition since there was no evidence it had performed any services relating to the design, construction, or maintenance of the subject bridge and adjacent cart path. This appeal followed.

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Coomer v. CSX Transp. Inc.*, 319 S.W.3d 366, 370 (Ky. 2010). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Pendergrast argues on appeal that genuine issues of material fact exist as to Nicklaus Design's duty precluding summary judgment. Because the existence of a legal duty is a question of law, *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003), we construe his argument to be that the trial court erred in finding Nicklaus Design owed no duty to Pendergrast. We disagree.

"Before a defendant can be held liable on a theory of negligence, there must exist a duty owed to the plaintiff by the defendant." *Sheehan v. United Servs. Auto. Ass'n*, 913 S.W.2d 4, 6 (Ky. App. 1996) (citing *Mullins v. Commonwealth Life Insurance Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). "If no duty is owed by the defendant to the plaintiff, there can be no breach thereof, and therefore no actionable negligence." *Jenkins v. Best*, 250 S.W.3d 680, 688 (Ky. App. 2007) (citation omitted).

Pendergrast argued below, and does now on appeal, that as an architect, Nicklaus Design "owe[s] a duty to patrons, premises owners, their workers and other invitees exposed to their creations to prevent foreseeable injuries." He also cites the general rule that "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 908 (Ky. 2013) (citations omitted). However, implicit in these statements is the assumption that Nicklaus Design was involved in the design or construction of the dangerous condition. The trial court found the evidence of Nicklaus Design's involvement in the design or construction of the bridge where Pendergrast's accident occurred insufficient to impose a duty upon it to warn of the bridge's potential risk.

On a motion for summary judgment, "[t]he moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the

burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011) (internal quotation marks and citation omitted). Here, Nicklaus Design presented the affidavits of its vice-president and lead designer of the 2011 Valhalla renovation. Both testified that the company performed no services pertaining to the bridge where Pendergrast's accident occurred. These statements were consistent with Nicklaus Design's discovery responses and were uncontradicted by the evidence of record.

Therefore, it was incumbent upon Pendergrast to present at least some affirmative evidence that Nicklaus Design was involved in the design or construction of the bridge. Pendergrast cites to promotional materials on Nicklaus Design's website referencing work performed on cart paths, specifically an interview with Nicklaus Design founder Jack Nicklaus discussing the 2006 renovation the company performed at Valhalla which mentions relocating a cart path, as enough evidence to impose a duty and withstand summary judgment. However, none of this evidence pertains to pedestrian/cart bridges, only cart paths, much less the specific bridge in question.

Pendergrast claims this evidence contradicts statements in Nicklaus Design's affidavits that it does not provide services relating to cart paths.

Therefore, he argues, because these statements are unreliable, Nicklaus Design's claims of not designing or constructing the bridge at Valhalla are called into question. However, this evidence is not inconsistent with statements in both affidavits that Nicklaus Design relocated portions of certain cart paths to accommodate changes to hole design. The fact remains there is no evidence Nicklaus Design had any role in designing or constructing the bridge in question. "[S]peculation and supposition" are not enough to survive a motion for summary judgment. *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (citation omitted). Further, "the party opposing summary judgment cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id*. at 587 (internal quotation marks and citation omitted).

Pendergrast also argues that granting summary judgment was premature and he should have been given additional time to conduct discovery, including taking depositions, to further determine the extent of Nicklaus Design's work at Valhalla. In determining whether summary judgment was properly granted, we "must also consider whether the trial court gave the party opposing the motion an ample opportunity to respond and complete discovery before the court entered its ruling." *Blankenship v. Collier*, 302 S.W.3d 665, 668 (Ky. 2010). This decision is reviewed for abuse of discretion. *Id.* "Under our abuse of

discretion standard of review, we will disturb a ruling only upon finding that the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (internal quotation marks omitted) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

"The question is not whether the nonmoving party 'has actually completed discovery' – rather, the question is whether the nonmoving party 'has had an opportunity to do so.'" *Bowlin Grp., LLC v. Rebennack*, 626 S.W.3d 177, 188 (Ky. App. 2020), *review denied* (Aug. 18, 2021) (citing *Hartford Ins. Group v. Citizens Fidelity Bank & Tr. Co.*, 579 S.W.2d 628, 630 (Ky. App. 1979)). Here, the trial court gave Pendergrast the opportunity to complete any discovery he desired. In response to Nicklaus Design's motion for summary judgment, Pendergrast requested an additional two months "to complete the discovery he deems necessary[.]" The trial court granted the motion and extended discovery an additional two months. In total, Pendergrast had eight months from the initiation of the lawsuit until the discovery deadline to conduct discovery. For five of those months he was aware that Nicklaus Design denied it performed any services relating to the bridge and thus, any liability. We believe this was enough time to conduct discovery on the limited issue of Nicklaus Design's duty.

Therefore, we find no abuse of discretion and summary judgment was properly granted.

Finally, Pendergrast claims the trial court erred in effectively denying his motion to compel and request for additional discovery time by ruling on the motion for summary judgment. "We review a trial court's denial of a motion to compel discovery for abuse of discretion." *Louisville & Jefferson Cty. Metro. Sewer Dist. v. T+C Contracting, Inc.*, 570 S.W.3d 551, 572 (Ky. 2018) (citation omitted).

In ruling on the motion for summary judgment, the trial court noted that it had reviewed the motion to compel and was "comfortable that [Nicklaus Design's] answers to interrogatories are substantively responsive and complete . . . [and] give rise to no issue of material fact as to its involvement with the bridge in question." Nicklaus Design responded substantively to each of the disputed discovery requests, either by stating it had no responsive documents to produce (based upon its denial of its involvement in designing or constructing bridges) or by producing responsive documents (the Field Book designs for hole No. 2). Its only objection was to producing evidence unrelated to the area of the accident and thus not relevant to whether it owed a duty of care to Pendergrast. Pendergrast makes no argument as to how these documents would be "reasonably calculated

-11-

to lead to the discovery of admissible evidence." CR[3] 26.02(1). We find no abuse of discretion.

Based upon the foregoing, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Shea W. Conley
Josh Autry
Lexington, Kentucky

BRIEF FOR APPELLEE:

James M. Burd
Christopher Piekarski
Louisville, Kentucky

---

[3] Kentucky Rules of Civil Procedure.